William T. Collins, S.
In this proceeding to construe the will two questions are presented for determination: (1) As to whether certain payments under a contract made by testator in his lifetime and received subsequent to his death and to be subsequently received are principal or income or both; (2) as to whether a portion of the income bequeathed to testator’s brother under article Fourth of the will to take effect upon death or remarriage of the widow of testator now passes to him since she has exercised her right of election to take against the will.
With respect to (1) (supra), the court holds there is nothing in the will itself to indicate testator’s intention in this regard. Petitioner introduced, subject to a motion to strike, extrinsic evidence consisting of her own testimony and certain documents in an endeavor to show that the payments were intended to be income. The court rules that such testimony of the widow as to declarations of testator is inadmissible to prove testamentary intent. It is therefore stricken out (Matter of May, 112 N. Y. S. 2d 847, affd. 283 App. Div. 786; Matter of Ittelson, 197 Misc. 786, 789). In the so-called new Boehringer contract entered into by testator superseding the old contract, it was agreed that such payments would be made “ as compensation for the damages which we (testator) have sustained.” It is clear that the payments received and to be- received are in the nature of settlement of a claim. The court holds that the payments constitute principal. (Matter of Bishop, 79 N. Y. S. 2d 220; Matter of Pennock, 285 N. Y. 475.) Accepting the fact that testator reported pay *144 ments received thereunder in his lifetime and under the Sterling contract (which is not now considered) in his tax returns as income, it has no bearing on the question of testamentary intent (Matter of Kilmer, 65 N. Y. S. 2d 769). The factual situation in the cases cited by petitioner including Matter of Beeler (118 N. Y. S. 2d 110) is distinguishable from that presented herein. Since, however, said payments are principal assets which throw off no income, they are in the nature of unproductive assets. In such situation there should be an apportionment to protect the life beneficiaries, in accordance with the formula prescribed in section 241 of the Restatement of the Law of Trusts (Matter of Pennock, supra, pp. 481, 486; Matter of Rowland, 273 N. Y. 100, 110).
With respect to (2) (supra), the will provided (art. Fourth) that the 15 % of income of the residuary trust bequeathed to the widow, shall “ upon the death or remarriage of my said wife,” be payable to his brother. It is obvious that although testator used the words “ death or remarriage ” he intended to provide for disposition of the income upon termination of the widow’s interest in the principal of the trust. The exercise of her right of election as effectively terminates her interest in said trust as the conditions prescribed by testator (Matter of Devine, 147 Misc. 273, 278; Matter of Levy, 171 Misc. 431). Ordinarily undisposed of income is payable to the person or persons entitled to the next eventual estate (Real Property Law, § 63). Here, however, there is no need to invoke the statute, since testator himself has identified the person entitled to take. The court holds that testator’s brother is entitled to the share of the income bequeathed to the wfidow and terminated by her recourse to section 18 of the Decedent Estate Law. Computation of the widow’s share of the estate and contribution thereto by the other interests under the will will be determined in the subsequent accounting proceeding.
S ubmit decree on notice construing the will accordingly.