Igbara Realty Corp., Appellant, v New York Property Insurance Underwriting Association, Respondent.

First Department, June 7, 1983

APPEARANCES OF COUNSEL

*S. Michael Weisberg* for appellant.

*Zachary Robb Greenhill* of counsel (*Ira J. Greenhill,* attorney), for respondent.

### OPINION OF THE COURT

Silverman, J.

Plaintiff insured appeals from an order of the Supreme Court, Special Term, granting defendant insurance company's motion to dismiss the complaint pursuant to CPLR 3211.

The action is on a fire insurance policy. Plaintiff corporation owned some real property consisting of a one-story building alleged to be rented out as a store. On March 27, 1979 the corporation was dissolved pursuant to section 203-a of the Tax Law for nonpayment of taxes. Defendant issued its policy of fire insurance on the property effective

February 23, 1980. On May 31, 1981 a fire occurred. Special Term held that the corporation's right to bring suit following dissolution was limited to obligations in existence at the time of dissolution and dismissed the complaint on the ground of plaintiff's lack of legal capacity to bring the action. We do not agree that a dissolved corporation may not obtain fire insurance and sue on the policy. Section 1005 (subd [a], par [1]) of the Business Corporation Law provides that a dissolved corporation "shall carry on no business except for the purpose of winding up its affairs." Inherent in winding up its affairs must be the power to take care of the corporation's property until winding up is completed. This obviously includes such things as repairs and maintenance. It must also include the power to keep the property insured against fire and other hazards. The statute could have provided with respect to a corporation dissolved for nonpayment of taxes, as it does with respect to foreign corporations doing business without authority in this State (see Business Corporation Law, § 1312, subd [a]), that it may not sue in the courts of this State. It does not so provide. Instead a dissolved corporation is expressly given power to sue and be sued. (Business Corporation Law, § 1006, subd [a], par [4].) The record does not indicate — and the relevance of this fact has not been argued in the briefs — whether the corporation was in fact engaged in winding up its affairs. Accordingly, we are not prepared at this point to say that there is nothing to the defense of lack of capacity to sue and we therefore grant leave to amend to add that defense, without passing on its merits.

Defendant also sought to amend its answer to assert a defense of failure to furnish sworn proofs of loss to the insurer within 60 days of demand pursuant to subdivision 1 of section 172 of the Insurance Law (cf. Insurance Law, § 168, subd 5 [the standard fire policy, p 2, line 90 et seq.]).

As to the failure to furnish sworn proofs of loss in accordance with the demand, it is settled that "the insurer, by repudiating liability for the loss, has excused the insured from performance of its obligations" to furnish proof of loss. (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 53 NY2d 835, 836.) In the present

case it is conceded that the time to submit such proofs of loss had not yet expired when the amended answer was served on March 4, 1982. That amended answer includes defenses of arson, fraud and false swearing, increase in hazard, willful exaggeration of the claim, etc., and a prayer for judgment dismissing the complaint. It thus can fairly be said that before the time to submit proofs of loss had expired, the insurer had repudiated its liability, and that at least after the time that the amended answer was interposed, the insurer "had no intention of voluntarily paying the plaintiff's claim in any event" (*Beckley v Otsego County Farmers Coop. Fire Ins. Co.*, 3 AD2d 190, 194, mot for lv to app dsmd 2 NY2d 990). In this respect the case is distinguishable from the holding in the *Lentini* case (*supra*). In that case the insured's complaint was dismissed for failure to file proof of loss or to submit to examination by the insurer because it did not appear that the insurer had repudiated liability for the loss. The claim of repudiation was apparently based merely on the fact that once plaintiff had instituted the action "defendant had no alternative but to defend and pursue all discovery procedures available to it." (76 AD2d 759, 761, *supra.*) The record in the *Lentini* case shows that the amended answer, which contained affirmative defenses of false swearing and increase of hazard as well as failure to furnish proofs of loss or to appear for examination under oath, was served five months after the time to comply with the demand for sworn proofs of loss had expired, and the insurer's affidavit stated that at least as of the time the proofs of loss were demanded and the action begun, the claim had neither been accepted nor rejected as the investigation was not then complete. In the present case, as we have said, the amended answer containing various affirmative defenses, including arson, fraud, etc., amounting to a repudiation of liability, was interposed before the time to file proofs of loss had expired. Accordingly, the motion for leave to amend should be denied as to this defense. (*East Asiatic Co. v Corash,* 34 AD2d 432, 434.)

The order of the Supreme Court, New York County (ALFRED S. CALLAHAN, J.), entered September 9, 1982 dismissing the complaint, is reversed, on the law, defen-

dant's motion to dismiss the complaint is denied, and the defendant's motion for leave to serve an amended answer is granted as to the defense of lack of capacity to sue and denied as to the defense of failure to render sworn proofs of loss, without costs.

KUPFERMAN, J. P., ROSS, CARRO and ASCH, JJ., concur.

Order, Supreme Court, New York County, entered on or about September 9, 1982, unanimously reversed, on the law, defendant's motion to dismiss the complaint is denied, and the defendant's motion for leave to serve an amended answer is granted as to the defense of lack of capacity to sue and denied as to the defense of failure to render sworn proofs of loss, without costs and without disbursements.