■ PATRICK M. TREXLER et al., Doing Business as GANDLAF'S, Respondents, v AMERICAN HOME ASSURANCE COMPANY, Appellant. — Appeal from so much of an order of the Supreme Court at Special Term (Kahn, J.), entered December 18, 1981 in Rensselaer County, which denied defendant's cross motion for summary judgment. Plaintiffs sue to recover on an insurance policy issued by defendant for fire damage sustained to their property. Defendant's answer contains separate defenses of willful misrepresentation and false or fraudulent statements with respect to values and losses, late filing of proof of loss forms, the absence of an insurable interest by plaintiff Patrick Trexler, and a setoff for amounts paid mortgagees. Plaintiffs, claiming no triable issues of fact existed, moved for summary judgment whereupon defendant cross-moved for

the same relief on the ground that plaintiffs failed to file proofs of loss within 60 days after demand as required in the insurance policy. Special Term denied both motions. Only defendant has appealed. Written demands for the filing of the proof of loss forms were sent by certified mail, return receipt requested, to each of plaintiffs' two separate business addresses on June 16, 1980 and courtesy copies were sent to their attorney on June 13, 1980. Return receipts show that although plaintiffs received the mail on June 18 and June 30, 1980, they did not mail the completed proofs of loss until January 13, 1981, some seven months later. Special Term held the severe sanction of dismissal improper, relying upon *Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.* (53 NY2d 835). At issue is Special Term's interpretation of the *Lentini* case as holding that it is not the law of this State that failure to file sworn proof of loss within 60 days after demand is an absolute bar to any recovery. We disagree. The degree and extent of co-operation by plaintiffs in furnishing notice of the fires, inventories of personal property, reconstruction costs, and submission to examination under oath can neither excuse nor serve as a substitute for the contractual requirement that sworn proof of loss forms be submitted within 60 days after written demand therefor. Section 172 of the Insurance Law affirms the validity of this contractual requirement. This failure is not some technical and unimportant omission or defect (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn., supra,* p 836) in which plaintiffs have "fallen short", but is a breach of a very explicit contractual requirement, the inclusion of which has been approved by statute. Contrary to the contention in their brief, the demand and forms were sent directly to both of plaintiffs' two business addresses by certified mail, both of which were received as demonstrated by the return receipts. Plaintiffs have offered no excuse for their failure to file the forms for almost seven months after receipt. In the absence of a valid excuse, a failure to satisfy the requirements of a policy provision relating to the furnishing of notice or proofs of loss vitiates the policy (*Holyoke Mut. Ins. Co. v B. T. B. Realty Corp.,* 83 AD2d 603, 604; 31 NY Jur, Insurance, § 1262, p 55). The Appellate Division in *Lentini* unequivocally held that the "failure to furnish written proofs of loss as required by the insurance contract and demanded by defendant (Insurance Law, § 172) is an absolute defense to the action (Insurance Law, § 168)" (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 76 AD2d 759, 761). We find no basis upon which to conclude that the Court of Appeals diminished this determination in its unanimous affirmance (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 53 NY2d 835, *supra*) and, accordingly, hold that summary judgment should have been granted defendant dismissing the complaint. The recent case of *Bonus Warehouse v Great Atlantic Ins. Co. of Del.* (93 AD2d 615), in which the Second Department held that although a plaintiff's delay in serving proofs of loss will not automatically foreclose recovery on an insurance policy, such a plaintiff will be called upon to bear the burden of showing that his failure was excusable, is clearly distinguishable. In that case, in opposition to a summary judgment motion, the plaintiff contended that he was misled by the defendant's conduct into believing that furnishing proofs of loss were unnecessary. Moreover, the demand on that plaintiff was innocuously contained in a short sentence in an otherwise lengthy letter from defendants sent directly to him at a time when he was represented by public adjusters and accountants, leading him to believe that his representatives had already complied with the demand. Here, plaintiffs have offered neither explanation nor excuse for failure to respond to the demand for proofs of loss sent to them by certified mail with a copy to their attorney. Indeed, during an examination of plaintiff Patrick Trexler under oath on July 1, 1980, subsequent to service of the written

demand, the following colloquy appears in the record: "Mr. Holloway: As I understand it, you are going to comply with the demand that we have made with respect to the filing of the proofs of loss and schedules, so that we will suspend the examination at this point, and if it is necessary to continue with the examination at a later time, we will be in touch about a mutually convenient time. Mr. Jacon: Certainly. Mr. Holloway: Thank you." We find the factual circumstances in *Bonus Warehouse* (*supra*) to be sufficiently dissimilar from this case to make it clearly distinguishable. Order modified, on the law, by reversing so much thereof as denied defendant's cross motion for summary judgment; cross motion granted and complaint dismissed, and, as so modified, affirmed, with costs. Mahoney, P. J., Sweeney and Weiss, JJ., concur.

Kane and Levine, JJ., dissent and vote to affirm in the following memorandum by Kane, J. Kane, J. (dissenting). We respectfully dissent. We are unable to agree with the majority's conclusion that "failure to furnish written proofs of loss as required by the insurance contract and demanded by defendant (Insurance Law, § 172) is an absolute defense to the action" (quoting *Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 76 AD2d 759, 761). In our opinion, although the Court of Appeals affirmed *Lentini* (53 NY2d 835), it refused to affirm the holding which the majority adopts, that failure to file sworn proof of loss within 60 days is an absolute bar to recovery. Rather, we agree with the Second Department that the language selected by the Court of Appeals instructs us that: "summary judgment is warranted against an insured whose failure to submit formal proofs of loss is unexcused and willful, but that a delay in furnishing proof of loss does not absolutely and under all circumstances bar a recovery under a policy. Stated differently, the Court of Appeals appears to us to be saying that situations may arise where failure to timely submit such proofs will not result in an automatic dismissal of the insured's suit on the policy" (*Bonus Warehouse v Great Atlantic Ins. Co. of Del.* (93 AD2d 615, 621). Indeed, the Court of Appeals stated that dismissal will not be sanctioned where "the insured's attempt to comply has fallen short through some 'technical and unimportant omissions or defects' but it could be found to have substantially performed its obligation to co-operate" (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 53 NY2d 835, 836, *supra*). As Special Term noted, the record establishes that an inventory of the property alleged to be lost was supplied to defendant insurance company shortly after the fire. In addition, both oral and written notice of loss were provided, together with a reconstruction estimate, prior to defendant's formal demand for the filing of proof of loss. Moreover, unlike the situation in *Lentini* (*supra*), plaintiffs attended and participated in the examinations before trial. In sum, plaintiffs substantially performed their obligation to co-operate. Accordingly, we are unable to conclude that Special Term erred by excusing plaintiffs' delay in furnishing formal proof of loss forms. The order should be affirmed.