■ SYD'S DECORATORS, INC., Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant, et al., Defendant. — Order, Supreme Court, Bronx County (Silbowitz, J.), entered December 17, 1982, denying defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. Plaintiff sues its insurer to recover for a contents' loss allegedly sustained as a result of a fire which occurred at its Bronx retail dry goods store on October 22, 1980. Defendant's policy contained the statutory language of subdivision 5 of section 168 of the Insurance Law which provides that in case of loss the insured shall, *inter alia,* "within sixty days after the loss * * * render to [the] Company a proof of loss, signed and sworn to". In accordance with the statutory form the policy further provided that "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with". Over nine months later, on August 6, 1981, defendant sent a letter, the August 10, 1981 receipt of which is conceded, with a copy to plaintiff's previously retained public adjuster, requesting the filing of a sworn proof of loss and enclosing blank forms for that purpose. This letter served to trigger the running of the 60 days for such filing in accordance with the ameliorative provisions of subdivision 1 of section 172 of the Insurance Law, which excuses the failure to file "unless [the] insurer * * * shall, after [the] loss or damage, give to [the insured] a written notice that it * * * desire[s] proof of loss to be furnished * * * and also a suitable blank form or forms for such proofs of loss." Defendant also requested that plaintiff appear for oral examination on September 10, 1981. Thereafter, on October 6, 1981, plaintiff, by its president represented by counsel, was orally examined under oath. The examination was adjourned without being completed to permit plaintiff to furnish certain requested documentation. As of the time of the commencement of this action, plaintiff had failed to execute the transcript of its examination or to produce the books and records it stipulated to provide. In September of 1982, as the expiration of the two-year statutory (Insurance Law, § 168, subd 5) and policy period in which to institute suit on the policy approached, plaintiff commenced this action, without ever having filed a proof of loss. Defendant asserted seven affirmative defenses, including the failure to provide, as required, a proof of loss within 60 days after demand. Defendant thereafter moved for summary judgment dismissing the complaint on the basis of this defense. In opposition, plaintiff asserted that since the proof of loss request had never been renewed, even at the October 6, 1981 examination, it was under the misapprehension that its attendance thereat was in full compliance with the August 6, 1981 demand. Finding partial compliance with the proof of loss demand by virtue of plaintiff's submission to an oral examination which produced 58 pages of testimony, Special Term denied the motion and directed plaintiff to serve a proof of loss within 30 days. The motion should have been granted and the

complaint dismissed. Notwithstanding plaintiff's suggestion to the contrary, defendant never misled it as to the proof of loss requirement. Defendant's letter of August 6, 1981 contains two separate demands, each of which is contractually and statutorily sanctioned. After requesting that plaintiff file a proof of loss, defendant's letter recites, "Pursuant to the terms of the policy, you are also requested to appear * * * for an examination". Both the policy and statute speak in the conjunctive with respect to the proof of loss and examination requirements, making it clear that the requirements are separate and distinct. Furthermore, plaintiff was told that the examination was without prejudice to any rights which might have accrued to either of the parties. Moreover, at the time of its examination on October 6, 1981, plaintiff still had time within which to file proofs of loss and comply with the 60-day requirement. In enacting section 168 of the Insurance Law, subdivision 5 of which mandates a fire insurer to include in its policy a provision requiring the filing of a proof of loss "within sixty days after the loss" and the condition that "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with", the Legislature has granted an insurer the right to rely upon an insured's failure to render a proof of loss as a material breach of both contract and statute unless the proof is filed within 60 days of written request. This court has previously recognized that submission to an examination can neither substitute for nor excuse compliance with the contractual requirement that a sworn proof of loss be filed within 60 days after written demand therefor. (See *Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 76 AD2d 759, affd 53 NY2d 835; see, also, *Trexler v American Home Assur. Co.,* 96 AD2d 686.) Here, plaintiff made no effort whatsoever to comply with the written demand for the filing of a proof of loss. Thus, "[t]his is not a case in which the insured's attempt to comply has fallen short through some 'technical and unimportant omissions or defects' but it could be found to have substantially performed its obligation to co-operate". *(Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 53 NY2d, at p 836, citing *Porter v Traders' Ins. Co.,* 164 NY 504, 509.) The complaint is dismissed. Concur — Kupferman, J. P., Sullivan, Bloom and Alexander, JJ.

Sandler, J., concurs in a memorandum as follows: The court's memorandum accurately applies what appear to be the controlling rules of law to the facts presented, and I accordingly join the court in reversing the denial of the motion for summary judgment and in dismissing the complaint. I do so with a sense of disquiet as to the justice of the result reached in this case, and with a strong belief that the rules that have evolved in this area, although quite well founded on traditional principles of contract law and subdivision 1 of section 172 of the Insurance Law, are likely on a repetitive basis to yield unjust results. We are here dismissing what may well be a meritorious claim for recovery under a policy of insurance because the plaintiff failed to execute and forward proof of loss forms in response to a request to do so set forth in one paragraph of a letter primarily addressed to the insured's appearance for an examination under oath, which request did not inform plaintiff of the legal consequences of a failure to comply and did not set forth a date within which compliance was required, and which request was never thereafter repeated. It seems to me highly probable that the plaintiff would have complied with the request if he were aware of the legal consequences that would attach to his failure to do so. It also seems to me obvious that the request was phrased in terms that were not calculated to alert the plaintiff to the significance of a failure to comply. It is, of course, true that in the policy of insurance, a typically formidable, densely written document, that seems to have been designed to induce sleep on the part of all but the most assiduous and patient

reader, there appears as part of a complicated sentence the information that "within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss, signed and sworn to by the insured". It is also true that there appears at a later point in the policy the information that no action on the policy shall be sustainable "unless all the requirements of this policy shall have been complied with". In what appears to have been a legislative effort to protect insureds against unconscionable forfeitures resulting from clauses of this kind, it was provided in subdivision 1 of section 172 of the Insurance Law that such proof of loss clauses shall not be deemed to invalidate "any claim of such person under such contract, unless such insurer or insurers shall, after such loss or damage, give to such person insured a written notice that it or they desire proofs of loss to be furnished by such person to such insurer or insurers and also a suitable blank form or forms for such proofs of loss." The section goes on to provide that the insured shall be deemed to have complied with the provisions of the contract of insurance if such proofs of loss are furnished within 60 days after the receipt of such notice and such form or forms. The facts of this case, as well as of others which have been the subject of appellate decisions, suggest the need for an amendment of subdivision 1 of section 172 to achieve more fully its remedial purpose. In the paragraph of the letter written in compliance with the requirement of subdivision 1 of section 172, the insured was "requested" to file sworn proofs of loss. The word "requested" was surely not one calculated to enlighten as to the significance of a failure to comply an assured who had not read or appreciated the significance of the proof of loss provisions of the policy of insurance, which would seem to me likely to be the situation with many insureds, including the plaintiff in this case. If, as I assume, the function intended to be served by policy provisions requiring insureds to furnish proof of loss is to assist the insurer in evaluating the merits of a claim, and is not intended as a trap for the unwary, I can see no persuasive reason why insurers should not be required to inform the insureds explicitly that their claim will be barred if the requested proofs of loss are not timely filed.