IGBARA REALTY CORP., Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent.

First Department, December 18, 1984

### APPEARANCES OF COUNSEL

*Charles T. Rubin* of counsel (*Greenhill & Rubin,* attorneys), for respondent.

*S. Michael Weisberg* for appellant.

## OPINION OF THE COURT

SILVERMAN, J.

The case is here on remittitur from the Court of Appeals (63 NY2d 201, modfg 94 AD2d 79).

This is an action on a fire insurance policy on a building owned by plaintiff corporation.

Special Term dismissed the complaint on the ground of plaintiff's (a dissolved corporation) lack of legal capacity to bring the action. We reversed the dismissal of the complaint and granted leave to amend the answer to add the defense of lack of capacity to sue. We denied defendant's motion for leave to amend to add the defense of failure to furnish sworn proofs of loss to the insurer within 60 days of demand pursuant to subdivision 1 of section 172 of the Insurance Law, on the ground that before the expiration of the 60 days defendant, by its answer, had repudiated liability for the loss (94 AD2d 79, 80-81, *supra*). The Court of Appeals modified our order insofar as we had denied leave to amend the answer to assert the defense of failure to file proofs of loss, holding that defendant's answer was not a repudiation of liability in such sense as to be inconsistent with the assertion of that defense. The Court of Appeals said: "The Appellate Division having as a matter of law denied leave to assert the defense, the matter must be remitted to that court for consideration of that portion of the motion in the exercise of its discretion" (63 NY2d, at p 218).

Absent a showing of prejudice, leave to amend should be freely granted. (CPLR 3025, subd [b]; *Sharapata v Town of Islip,* 82 AD2d 350, 362.) We see no reason not to permit the answer to be amended to assert the proposed defense and we accordingly grant defendant that relief.

This brings us to that branch of defendant's motion which seeks summary judgment for failure to file proofs of loss.

There is a preliminary question as to whether that branch of the motion is properly before us:

(a) The Court of Appeals said it was remitting the matter to us "for consideration of that portion of the motion [for leave to amend] in the exercise of its discretion" (63 NY2d, at p 218). But that was not a limitation on what we should then do. For in its dispositive paragraph, the Court of Appeals remitted the case to us "for further proceedings in accordance with the opinion herein" (63 NY2d, at p 219). As leave to amend to allege this defense was not granted by the Court of Appeals, but remanded to us, the issue of whether summary judgment should be granted

on that ground was apparently not before the Court of Appeals. Once we granted leave to amend, consideration of the motion for summary judgment constitutes "further proceedings in accordance with the opinion".

(b) The Court of Appeals said "it was error to grant summary judgment dismissing the complaint" (63 NY2d, at p 218), and affirmed our reversal of summary judgment of dismissal. But that clearly referred to dismissal for lack of capacity rather than for failure to furnish proofs of loss. The Court of Appeals said, "[n]o request for summary judgment as to lack of capacity was contained in the notice of motion or any of the accompanying papers nor was the issue otherwise addressed by the parties. Plaintiffs therefore had no reason to present opposition to the granting of summary judgment on the ground of incapacity" (63 NY2d, at p 218). But as the Court of Appeals recognized, "[t]he issues presented to Special Term by defendant's motion in *Igbara* [included] * * * whether defendant was entitled to summary judgment based upon plaintiff's failure to file proofs of loss" (63 NY2d, at p 218). Plaintiff thus had and availed itself of the opportunity to respond to this branch of the motion.

The Court of Appeals affirmance of our denial of summary judgment based on lack of capacity does not constitute a ruling on an issue not before that court even though verbally subsumed in the order which it confirmed. (See *Matter of Rosenzweig,* 29 AD2d 110, 111, 114, affd in part, app dsmd in part 22 NY2d 749.)

(c) Defendant did not appeal from the order of Special Term. But as Special Term had dismissed the complaint, defendant was not an aggrieved party. (When we held the defense of failure to furnish proofs of loss invalid, defendant did appeal to the Court of Appeals.) Special Term's *order* merely recites that defendant had moved for leave to serve an amended answer and to dismiss the complaint* and the order directed "that defendant's motion is granted and the complaint is dismissed." Thus, strictly speaking, by pressing its request for summary judgment at this stage, defendant asks us to *sustain* Special Term's order. Defendant asks us to do so on a ground different from the one relied on by Special Term in its *opinion,* but one which was fairly presented by defendant at Special Term.

(d) Finally, if defendant is entitled to the summary judgment for which it moved at Special Term, it seems a waste of effort to

---

* The Court of Appeals recognized that although the notice of motion refers to CPLR 3211, the supporting affidavits make it clear that defendant was seeking an order pursuant to CPLR 3212 granting summary judgment dismissing the complaint for failure to render sworn proof of loss (63 NY2d 201, 211, n 1).

deny that summary judgment now for what appear to be largely semantic reasons and to direct the parties to do it all over again at Special Term. "Whatever the trial judge can do, the Appellate Division can do on appeal." (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5522:1, p 222.)

We consider now the merits of the motion for summary judgment for failure to furnish proofs of loss:

In its opinion in this case, the Court of Appeals said: "When an insurer gives its insured written notice of its desire that proof of loss under a policy of fire insurance be furnished and provides a suitable form for such proof, failure of the insured to file proof of loss within 60 days after receipt of such notice, or within any longer period specified in the notice, is an absolute defense to an action on the policy, absent waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense." (63 NY2d 201, 209-210, *supra*.)

It is undisputed that on or before January 21, 1982 the insured received a demand to furnish proofs of loss and was furnished with blank proof of loss forms for that purpose and that no sworn proofs of loss have ever been furnished to the insurer. In defense of its failure to furnish the forms, plaintiff contends (a) that the letter from the defendant which included the request for proof of loss nowhere states that plaintiff would be prejudiced or that its claim would be disallowed if it failed to submit proof of loss, and (b) that within 60 days of the demand, plaintiff appeared for an examination under oath and gave proof as to the loss which fully complies with the requirement.

The answer to (a) quite simply is that subdivision 1 of section 172 of the Insurance Law does not require that the insured be informed of the consequences of any failure to comply with the demand. In *Syd's Decorators v New York Prop. Ins. Underwriting Assn.* (97 AD2d 722, affd 63 NY2d 201, *supra*), the request for proof of loss (by the same defendant) "did not inform plaintiff of the legal consequences of a failure to comply and did not set forth a date within which compliance was required" (Sandler, J., concurring, 97 AD2d, at p 723). Both this court and the Court of Appeals held the request sufficient and plaintiff Syd's barred by the failure to comply.

As to (b), the form of the standard fire policy, in addition to providing that the insured shall render sworn proof of loss, also provides that the insured shall submit to examination under oath (Insurance Law, § 168, subd 5, p 2 of standard fire policy, lines 113-117), thus requiring both. In *Maleh v New York Prop. Ins. Underwriting Assn.* (64 NY2d 613), the Court of Appeals said

that "plaintiffs' submission of documentation and participation in oral examination did not discharge their obligation to submit sworn proofs of loss within 60 days after the insurer's demand."

Defendant's motion for summary judgment should therefore be granted.

This relief is not barred by the fact that it is granted simultaneously with leave to amend to assert the defense on which summary judgment is based; a court may even grant summary judgment "based upon an *unpleaded* defense where reliance upon that defense neither surprises nor prejudices the plaintiff (see *Herbert F. Darling, Inc. v City of Niagara Falls,* 69 AD2d 989, 990; see, also, *Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:10, C3212:11)." (*Olean Urban Renewal Agency v Herman,* 101 AD2d 712, 713; emphasis added.) In that connection we note that the Court of Appeals jurisdiction and powers (though controlling where applicable) are much more limited than ours. Here, as we have said, the motion papers made perfectly clear that summary judgment was sought on this ground, and plaintiff had and availed itself of the opportunity to respond to this.

Thus, we affirm the dismissal of the complaint, although we do so on a different ground from that relied on by Special Term.

Order, Supreme Court, New York County (A. Callahan, J.), dated September 9, 1982 dismissing the complaint, should be modified, on the law, and in the exercise of discretion, the defendant's motion for leave to serve an amended answer interposing the eighth and ninth affirmative defenses granted, the proposed amended answer deemed served, and the order otherwise affirmed, without costs.

KUPFERMAN, J. P., ROSS, CARRO and ASCH, JJ., concur.

Upon remittitur from the Court of Appeals, order, Supreme Court, New York County, entered on or about September 9, 1982, unanimously modified, on the law, and in the exercise of discretion, the defendant's motion for leave to serve an amended answer interposing the eighth and ninth affirmative defenses is granted, the proposed amended answer is deemed served, and the order is otherwise affirmed, without costs and without disbursements.