Stephanie **SCHOLNICK** and Deborah Simon, as Executrices under the Last Will and Testament of Leah Sheen, Deceased, Plaintiffs,

v.

Irving **SCHATZ** and Schatz Hotels, Inc., Defendants.

No. 89 Civ. 0008 (JFK).

United States District Court, S.D. New York.

March 9, 1989.

Greenfield Eisenberg Stein & Senior (Norman A. Senior, Gary B. Freidman, of counsel), New York City, for plaintiffs.

Stein, Zauderer, Ellenhorn, Frischer & Sharp (David N. Ellenhorn, Daniel J. Rothstein, of counsel), New York City, for defendants.

OPINION AND ORDER

KEENAN, District Judge:

This is an action for breach of fiduciary duty brought by plaintiffs as the executric-

es of the estate of Leah Sheen. The action arises from the formation of a partnership between Martin Sheen, the now deceased husband of Leah Sheen, and defendant Irving Schatz ("Schatz"). The partnership, known as the Hudson House Associates, was formed in order to purchase and operate a hotel on West 57th Street in Manhattan, which was to be known as the Henry Hudson Hotel. Schatz owned 75% of the interest in the partnership and Sheen, 25%. Sheen subsequently passed away, leaving his interest to his wife Leah, who also passed away leaving the Sheen interest in the hands of the plaintiffs.

Leah Sheen's will was subsequently probated in the Surrogate's Court, New York County, in front of the Honorable Marie M. Lambert who settled the matter on August 29, 1984. That settlement provided that the plaintiffs would sell their 25% interest in defendant Schatz Hotels, Inc. ("Schatz Hotels"), to Schatz for $3.5 million. Unknown to plaintiffs, however, defendant Schatz had been negotiating since September 1983 with the Educational Broadcasting Corporation ("EBC") to sell half of the hotel property to EBC for $15 million. That agreement also provided that Schatz would use his best efforts to acquire Sheen's interest and was finally closed on April 30, 1985. Plaintiffs allege that the negotiations leading up to this purchase were never disclosed to them prior to the sale of their interest to Schatz pursuant to the settlement in the Surrogate's Court.

Plaintiffs brought this action on May 30, 1985 before the Honorable Renee Roth in the Surrogate's Court alleging that defendants had breached their fiduciary duties by failing to disclose the negotiations to plaintiffs, who might not have settled in front of Judge Lambert had they known of the EBC offer. That action proceeded and in December 1988, EBC was dropped from the action. Shortly thereafter, defendants removed the case to this Court.

Plaintiffs now move to remand the action back to the Surrogate's Court. Plaintiffs base their motion on lack of diversity jurisdiction, general principals of abstention, and on the procedural requirements contained in The Judicial Improvements and Equal Access to Justice Acts. For the following reasons, plaintiffs' motion is granted.

Plaintiffs' first point is that since both plaintiff Stephanie Scholnick ("Scholnick") and defendant Schatz Hotels are New York residents, there is no complete diversity. Defendants respond, however, that since Schatz Hotels was dissolved during the pendency of this action in the Surrogate's Court, its residence can no longer be relevant for the purposes of diversity jurisdiction. The Court disagrees. It is well-established that federal courts are to look to the law of the state in which a corporation was organized in order to determine the effect that dissolution has upon a corporation's capacity to be sued. *See* Federal Rule of Civil Procedure 17(b). Under New York Business Corporation Law § 1006, a dissolved corporation has the capacity "to sue or be sued in all courts and participate in actions and proceedings, in its corporate name." *See Independent Investor Protective League, Inc. v. Time, Inc.,* 50 N.Y.2d 259, 263, 406 N.E.2d 486, 428 N.Y.S.2d 671 (1980); *Igbara Realty Corp. v. New York Prop. Ins. Underwriting Ass'n,* 94 A.D.2d 79, 463 N.Y.S.2d 211 (1st Dep't 1983), *modified on other grounds,* 63 N.Y.2d 201, 470 N.E.2d 858, 481 N.Y.S.2d 60 (1984).

Defendants' argument that a corporation's capacity to be sued is irrelevant to the question of jurisdiction is unavailing particularly in light of the fact that the cases cited by defendants were decided based on the laws of states other than New York, many of which do not provide for suit directly against a dissolved corporation. *See, e.g., American National Bank of Jacksonville v. Jennings Development, Inc.,* 432 F.Supp. 151 (M.D.Fla.1977); *Adams v. Lederle Laboratories,* 569 F.Supp. 234 (W.D.Mo.1983). Indeed, defendants admitted at oral argument that they could find no cases in either state or federal court which held that under New York law, the residence of a dissolved corporation may not be recognized for purposes of determining diversity jurisdiction.

Because Schatz Hotels may be recognized as a defendant in the present suit, the Court can find no reason why its residence should be disregarded for the purpose of determining diversity jurisdiction. Consequently, since both plaintiff Scholnick and defendant Schatz Hotels are New York residents, there is no complete diversity notwithstanding the fact that EBC had been dropped from the action in the Surrogate's Court. Accordingly, plaintiffs' motion is granted and this action is ordered remanded back to the Surrogate's Court. Since the issue of diversity jurisdiction regarding Schatz Hotels is dispositive of the motion, there is no need for this Court to consider the remainder of plaintiffs' arguments.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion is granted and this action is ordered remanded the the court below, namely the Surrogate's Court, New York County. This action is to be removed from the active docket of this Court.

SO ORDERED.