OPINION OF THE COURT
Carol E. Huff, J.
In this action for breach of an insurance contract plaintiffs insureds move: (1) for an order vacating defendant insurer’s request for an examination and production of documents pursuant to the terms of the insurance policy; and (2) for an order precluding defendant from offering evidence at trial of plaintiffs’ noncompliance therewith.
Plaintiff, a New York corporation involved in the business of fashion merchandise, executed an insurance policy (the Policy) with defendant, an insurance company authorized to conduct business in New York. Defendant agreed to insure, *524 inter alia, plaintiffs’ property located at their premises, 202 West 40th Street, New York, New York. The insurance coverage included loss caused by a burglary.
On or about September 1, 1988, plaintiffs’ premises were allegedly burglarized. There is no indication in the record that the public authorities were notified. Thereafter, plaintiffs submitted a claim for $75,000 for loss of their merchandise. The defendant conducted an initial investigation of the claim whereby it visited the premises and allegedly found no evidence of a forced entry. Moreover, it maintains that the plaintiffs had shared storage space and intermingled their merchandise with another party who was uninsured.
As the matter was still unresolved, on or about May 25, 1989 plaintiffs commenced this action for breach of the Policy based on their conclusion that the defendant’s conduct in the investigation of their claim constituted constructive denial of the claim. However, on or about June 15, 1989, defendant, by written demand, requested that plaintiffs "pursuant to the terms of the policy” submit to an examination under oath and to produce certain documents. The Policy provides the following:
"3. Duties In the Event of Loss or Damage
"You must see that the following are done in the event of loss or damage to Covered Property * * *
"g. If requested, permit us to question you under oath at such times as may be reasonably required about any matter relating to * * * your claim, including your books and records”.
Plaintiffs now move to vacate this request and to preclude defendant from offering evidence at trial of plaintiffs’ alleged noncompliance with this disputed contractual demand.
Plaintiffs argue that the defendant has waived and is now estopped to assert its contractual right to examine the plaintiffs and require them to produce documents. It maintains that defendant constructively declined payment because, inter alla, eight months elapsed from the date of the loss to the date this action was commenced.
The eight-month period cannot be equated as constructive denial of plaintiffs’ claims (cf., Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn., 76 AD2d 759, 760 [1st Dept 1980], affd 53 NY2d 835, 836 [1981] [insurer’s demand for examination 10 months after insured’s loss, and after the latter commenced action was proper and the in *525 sured’s failure to comply with the demand required the dismissal of the action]). The general purpose of the demand made upon plaintiffs is to assist defendant in reaching a determination respecting plaintiffs’ claim and to insure against false claims. An insured’s failure to comply with this Policy provision is a material breach and will preclude an action to recover on the contract of insurance (Catalogue Serv. v Insurance Co., 74 AD2d 837 [2d Dept 1980], later appeal 90 AD2d 838 [2d Dept 1982]).
Plaintiffs further contend that defendant’s answer to the complaint herein expressly denies the claim. The answer asserts several affirmative defenses, inter alla, that the subject policy does not provide coverage for plaintiffs’ loss because it resulted from a theft by their employees. Plaintiffs maintain that the answer does not simply deny knowledge or information sufficient to form a belief, but, in fact expressly rejects plaintiffs’ claim and repudiates defendant’s alleged obligation to make payment.
A repudiation of liability by an insurer excuses the insured from further performance on his part of the conditions of the insurance policy (Sherri v National Sur. Co., 243 NY 266, 272-273 [1926]).
In the instant action, plaintiffs were required to furnish proof to support their claim within 60 days after defendant’s demand for an examination and production of documents, dated June 13, 1989, i.e., on or about August 14, 1989. However the answer was served upon plaintiff on or about June 26,1989. The time for plaintiffs to submit proof of loss had not yet expired when the answer was served. The answer includes defenses of fraudulent representations, intentional concealment, failure to submit proof under the Policy, and failure to cooperate in the investigation of the claim.
Under these circumstances, defendant has repudiated its liability (see, Iqbara Realty Corp. v New York Prop. Ins. Underwritng Assn., 94 AD2d 79 [1st Dept 1983], mod 63 NY2d 201 [1984], on remand 104 AD2d 258 [1st Dept 1984]). Defendant’s reliance upon Lentini (supra) to support the claim that the interposing of its answer does not constitute repudiation is distinguishable.
The claim of repudiation in Lentini (supra, at 761) was based upon the fact that once the insured commenced suit the insurer "had no alternative but to defend and pursue all discovery procedures available to it.” The answer in Lentini, *526 which contained similar defenses as the defendant’s answer herein, was served after the time to comply with the demand for proof of loss under the Policy had expired. In the instant action the answer was served before the time period to file proof of loss under the Policy had expired.
Accordingly, plaintiffs’ motion to vacate the demand served by the defendant, dated June 13, 1989, requiring them to attend an examination under oath and to submit documents thereof in accordance with the Policy is granted and it is vacated. Defendant is hereby precluded from offering evidence at trial of plaintiffs’ nonperformance of the Policy regarding the offering of proof of loss and submitting to an examination and is hereby directed pursuant to CPLR 3025 (c) to amend its answer, to conform to the evidence. However, defendant’s notice of deposition, dated June 16, 1989, and its demand for answers to interrogatories dated June 20, 1989 pursuant to CPLR article 31 remain in force and are not affected by this decision.