Jack HERMAN, Plaintiff,

v.

WILLIAM BROOKS SHOE COMPANY; Cabela's Inc.; E.I. DuPont de Nemours; Gander Mountain, Inc.; Gates–Mills, Inc.; W.L. Gore & Associates, Inc.; L.L. Bean, Inc.; Recreational Equipment, Inc.; Raven Industries, Inc.; Red Wing Shoe Company, Inc.; Rocky Shoes and Boots, Inc.; Norm Thompson Outfitters Inc.; and U.S. Cavalry, Inc., Defendants.

No. 94 Civ. 8232 (PKL).

United States District Court, S.D. New York.

May 17, 1995.

John W. Olivo, Jr., Ward & Olivo, New York City, for plaintiff.

---

1. Moving defendants are Cabela's Inc.; W.L. Gore & Associates, Inc.; L.L. Bean, Inc.; Recreational Equipment, Inc.; Raven Industries, Inc.; Rocky Shoes and Boots, Inc.; U.S. Cavalry, Inc.; Gates–Mills, Inc.; Red Wing Shoe Company, Inc.; and Norm Thompson Outfitters, Inc.

David M. Lenney, Schmeiser, Olsen & Watts, Albany, N.Y.

David H. Pfeffer, John C. Vassil, New York City.

## MEMORANDUM ORDER

LEISURE, District Judge:

This is an action by Jack Herman ("Herman") for patent infringement. Several defendants ("moving defendants")[1] have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), alleging that Herman, who currently has no proprietary interest in the patent, lacks standing; and pursuant to Fed.R.Civ.P. 12(b)(7), alleging that Jack Herman Dri–Sox, Inc. ("Dri–Sox"), a corporation to which Herman assigned his interest in the patent, is an indispensable party without which this action cannot go forward. For the reasons stated below, moving defendants' motion to dismiss is granted.

## BACKGROUND

On November 5, 1985, Herman was issued U.S. patent No. 4,550,446 ("the '446 patent"). On November 9, 1985, Herman assigned the '466 patent to Dri–Sox, and the assignment was recorded in the United States Patent and Trademark Office. Dri–Sox had been formed on July 9, 1985, in order to enter into an agreement with W.L. Gore & Associates, Inc., to manufacture and market waterproof and breathable socks, the invention covered by the '446 patent. Dri–Sox's three shareholders—Herman, his friend Stephen Hagendorf, and his attorney Martin Raskin—owned 62.5%, 32.5%, and 5% of Dri–Sox's shares, respectively.

For reasons that are not clear from the present record, and facing mounting corporate charges, the shareholders of Dri–Sox ceased payment of all fees to the state of New York and ceased all corporate meetings. On June 24, 1992, the New York Secretary of State proclaimed Dri–Sox officially dissolved.

E.I. DuPont de Nemurs ("DuPont") originally was a defendant in this action and joined in the present motions. However, DuPont and Herman recently stipulated, with this Court's approval, to dismissal with prejudice of Herman's action against DuPont.

The shareholders of Dri–Sox have asserted here that, upon Dri–Sox's dissolution, they decided that Herman would be the sole owner of the '466 patent. Affidavit of Martin Raskin at 2; Affidavit of Steven Hagendorf at 2.

On November 15, 1994, Herman filed this action for patent infringement, in his own name.

## DISCUSSION

 It is well-settled in that the only party who may sue to enforce a patent is the owner of that patent. *See Waterman v. MacKenzie,* 138 U.S. 252, 252, 11 S.Ct. 334, 335, 34 L.Ed. 923 (1891); *Gilson v. Republic of Ireland,* 606 F.Supp. 38, 41 (D.D.C.1984) (plaintiff who assigned patent had no proprietary right in it and therefore no standing to sue with respect to it). Several days after Herman was issued the '466 patent, he assigned it to Dri–Sox, and the assignment was recorded in the United States Patent and Trademark Office.

The shareholders of Dri–Sox assert that they decided that Herman would own the '466 patent upon Dri–Sox's dissolution. However, Herman has not alleged that Dri–Sox ever reassigned the patent to him in writing, and patent rights may be assigned only by written instrument. *See, e.g., United States v. Solomon,* 825 F.2d 1292, 1296 (9th Cir.1987). The shareholders' mutual decision, therefore, was insufficient, without more, to vest ownership of the patent in Herman.

A dissolved New York corporation does "retain[ ] the power to wind up its affairs," *Filby v. Brooks,* 105 A.D.2d 826, 828, 481 N.Y.S.2d 865, 867 (2d Dept.1984) (citing N.Y. Bus. Corp. Law § 1005); *see also* N.Y. Bus. Corp. Law § 1006(a), and this power may enable Dri–Sox to reassign the patent to Herman, a matter on which this Court expresses no view. *See also Scholnick v. Schatz,* 708 F.Supp. 57, 58 (S.D.N.Y.1989) (dissolved New York corporation may sue or be sued, under some circumstances); N.Y. Bus. Corp. Law § 1006(a)(4) (same).

Herman has not, however, invited the Court's attention to any legal authority in support of his assertion that he is the patent's owner and therefore has standing to maintain this action, on the present record; nor has the Court's independent research revealed any such authority. The Court therefore concludes that this action must be dismissed for lack of standing.[2]

## CONCLUSION

Moving defendants' motion to dismiss is HEREBY GRANTED on the present record.

**SO ORDERED**

---

2. The Court therefore need not and does not consider moving defendants' argument that this action must be dismissed for failure to join Dri–Sox.