RUSHTON PEABODY, Respondent, *v.* DOUGLASS R. SATTERLEE et al., Composing the Firm of D. R. SATTERLEE & Co., as Attorneys and Managers for the Underwriters at THE LLOYDS OF NEW YORK CITY, Appellants.

INSURANCE — RECEIPT OF PROOFS OF LOSS WITHIN SIXTY DAYS A CON-DITION PRECEDENT TO MAINTENANCE OF ACTION ON NEW YORK STAND-ARD FIRE INSURANCE POLICY. Under a New York standard fire insurance policy providing that "If fire occur the insured shall give immediate notice of any loss thereby in writing to the attorneys of the underwriters, * * * and within sixty days after the fire, unless such time is extended in writing by the attorneys of the underwriters, shall render a statement to the attorneys of the underwriters, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; * * *" and followed by the usual requirements in proofs of loss, where the contract is silent as to substituted service or service by mail, it is the duty of the insured to furnish or deliver to the attorneys of the underwriters personally or to their duly authorized agent, if they have one, the proofs of loss within sixty days after the fire occurred; depositing them in the mail on the sixtieth day, so that they are not received until the sixty-second day, is not a compliance with the provisions of the policy.

*Peabody* v. *Satterlee,* 36 App. Div. 426, reversed.

(Argued November 1, 1900; reargument ordered December 21, 1900; reargued January 21, 1901; decided March 12, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 19, 1899, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term, and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George M. Mackellar, Clarence Lexow* and *Harry S. Band-ler*, for appellants.   The provision in the policy requiring proofs of loss to be served is a condition precedent as well in respect to time as in other respects.   (*Quinlan* v. *P. W. Ins. Co.*, 133 N. Y. 356; *Blossom* v *L. F. Ins. Co.*, 64 N. Y. 162; *Titus* v. *G. F. Ins. Co.*, 81 N. Y. 411; *Hicks* v. *B. A. Assur. Co.*, 162 N. Y. 284; *McDermott* v. *L. F. Ins. Co.*, 12 J. & S. 221; *A. Ins. Co.* v. *Little*, 47 Ill. App. 421; *Bolin* v. *Ins. Co.*, 36 Minn. 433; *Shapiro* v. *Ins. Co.*, 53 N. W. Rep. 463; *Trippe* v. *P. F. Society*, 3 Misc. Rep. 445.)   The deposit of the proofs of loss in the post office at Buffalo on the sixtieth day after the fire, with proof that they could not have been received by the defendants until the sixty-first, and presumably not until the sixty-second day thereafter, was not a compliance with the condition of the policy requiring the proofs to be rendered within sixty days after the fire.   (*People ex rel.* v. *G. L. Assn.*, 44 N. Y. S. R. 914; *People ex rel.* v. *L. & B. R. R. Co.*, 13 Hun, 211; *People ex rel.* v. *Hoboken Turtle Club*, 38 N. Y. S. R. 4; *Herter* v. *Mullen*, 52 App. Div. 325; *Beakes* v. *Da Cunha*, 126 N. Y. 293; *C. P. I. Co.* v. *A. Ins. Co.*, 127 N. Y. 608; *Hodgkins* v. *M. C. M. Ins. Co.*, 34 Barb. 213; *C. C. Ins. Co.* v. *Oates*, 86 Ala. 558; *Carpenter* v. *P. Ins. Co.*, 4 How. [U. S.] 185; *Castner* v. *F. M. Ins. Co.*, 50 Mich. 273.)

*Mortimer M. Menken* for respondent.   Conditions in policies of insurance to be performed by the assured after the happening of the fire are liberally and reasonably construed. (*Savage* v. *H. Ins. Co.*, 52 N. Y. 502; *McNally* v. *P. Ins. Co.*, 137 N. Y. 389; *Paltrovitch* v. *P. Ins. Co.*, 143 N. Y. 73; *Sergent* v. *L. & L. & G. Ins. Co.*, 155 N. Y. 349; *People ex rel.* v. *H. T. Club*, 38 N. Y. S. R. 4; *Herter* v. *Mullen*, 52 App. Div. 325; *Beakes* v. *Da Cunha*, 126 N. Y. 293.)

BARTLETT, J.    This appeal is now presented upon a reargument ordered by the court.   The action is brought upon a policy of fire insurance issued by the defendants, as attorneys for the " Underwriters at the Lloyds of New York City," covering property that was situated in the city of Buffalo, to recover for a total loss.

A single question is presented under the provisions of the policy, the material portions of which read as follows :

" If fire occur the insured shall give immediate notice of any loss thereby in writing to the attorneys of the underwriters,    *    *    *    and within sixty days after the fire, unless such time is extended in writing by the attorneys of the underwriters, shall render a statement to the attorneys of the underwriters, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire ;    *    *    * "    Here follow the usual requirements in proofs of loss.

The contention of the plaintiff is that his assignor has fully complied with this provision as to proofs of loss, and he is, therefore, entitled to recover.    It remains to consider the undisputed facts in order to detemine whether this contention can be sustained.

The fire occurred on the 22d day of August, 1896.    On the 23d day of September, 1896, Edward S. Hawley, as attorney in fact for Mr. Hamlin, the insured and plaintiff's assignor, prepared and verified proofs of loss and mailed them to the defendants, the attorneys for the underwriters in the city of New York.    On the 30th day of September, 1896, the proofs of loss were returned to Mr. Hamlin, the insured, by the defendants, with a letter, which, after acknowledging receipt of the alleged proofs, reads : " These papers were signed and sworn to by Edward S. Hawley as your attorney.    We cannot accept these papers as proofs of loss, not having been signed by you personally and sworn to by you.    We reject these papers for reason as above stated and return them to you to be properly executed by yourself and not by an attorney."

On the 21st day of October, 1896, proofs of loss sworn to

by Mr. Hamlin, the insured, were sent to the defendants by registered mail and were received in the post office in New York city on the 22d day of October, 1896, at eight-thirty P. M., sixty-one days after the fire occurred, they having been mailed in Buffalo on the sixtieth day after the fire.

These are the facts upon which is raised the question whether the insured, according to the provisions of the policy, did, within sixty days after the fire, render a statement to the attorneys of the underwriters, signed and sworn to by him. In other words, can it be held, as matter of law, that the insured rendered these proofs of loss to the defendants by depositing them in the post office in Buffalo on the sixtieth day after the fire?

The rule of the common law that where notice is required to be given, personal notice is meant, has long been recognized in this state. (*Rathbun* v. *Acker*, 18 Barb. 393; *McDermott* v. *Board of Police*, 25 Barb. 635; *People ex rel. N. B. & C. R. R. Co.* v. *L. & B. R. R. Co.*, 13 Hun, 211; *People ex rel. Decker* v. *Hoboken Turtle Club*, 38 N. Y. S. R. 4; *Wachtel* v. *Noah W. & O. B. Society*, 84 N. Y. 31.)

In the case last cited, Judge DANFORTH, speaking for this court, said: "In the absence of any agreement by a member of a corporation or any provision in the charter or by-laws for a different mode of service, it should be personal, as required by common law, where the object is to deprive a party of his rights or property  *  *  *."

In *Crown Point Iron Co.* v. *Ætna Insurance Co.* (127 N. Y. 608) a policyholder sent by mail for cancellation several policies to the agent of the insurance company, but before they were received the property was destroyed by fire. It was contended by the insurance company that the mailing of the policies with a letter stating the object sufficed to cancel them because it was equivalent to an acceptance of a proposition by mail, and cases of that character were cited in support of the position. The court, however, held that these cases had no application because no negotiation was pending and no contract was proposed. Judge VANN, in writing for the

court, said : " The plaintiff did not make any offer to the insurance companies that might or might not be accepted. It sought to do an act that would be binding on the companies whether they were willing or not. That act was a surrender of the policies with the request that they be terminated, and the act could not be complete until the request reached the companies or their agent. The policies and notice might have been sent by a messenger, who would have been the agent of the plaintiff for that purpose. Having been sent by mail, it was none the less the agency of the plaintiff than if a messenger had been selected. It was necessary for the plaintiff, in order to terminate the policies, to have its notice actually reach the companies or their representative, and the instrument selected for that purpose was the agent of the plaintiff and not the defendant.   *   *   *   So far as the delivery of such a letter is concerned the law does not recognize the agency of the mail as of any higher or more binding character than that of an express company or a private individual, although it may presume that a letter duly mailed was received by the person to whom it was properly addressed."

The above case, while not presenting the question now before us, is instructive as deciding that when the insured uses the mail in communicating with the company it is nothing more than if he had made the same communication by private messenger, when he is seeking to do an act that would be binding on the company whether it was willing or not.

As already pointed out, the policy provides that the assured within sixty days shall render this statement. The Century Dictionary defines the word " render " as meaning " to give ; furnish ; present." Webster's gives its meaning as " to furnish ; state ; deliver." A proper reading of the quoted provision of the policy is that the insured is to furnish or deliver to the defendants these proofs of loss, and this clearly means that the papers shall be so furnished to the defendants personally, or to their duly authorized agent if they have one. In cases of this kind substituted service or service by mail is either matter of statute or contract. In this case the contract

is silent, and the depositing of the proofs of loss in the mail at Buffalo on the sixtieth day after the fire occurred cannot be held a compliance with the provisions of the policy.

This view was adopted by the trial court, but the Appellate Division reversed the judgment and ordered a new trial. The opinion of the Appellate Division, in part, is as follows: "While there are numerous cases reported in which it is held that it is necessary to comply with the provisions of the clause requiring that proofs of loss shall be rendered to the attorneys of the underwriters within sixty days of a fire, as a condition precedent to the right of recovery, we are unwilling to say as matter of law that where the plaintiff has complied with all the requirements of the policy within the time given him by its terms to act and deposited it in the mails, that he has forfeited his right to maintain an action for the recovery of the insurance for which he has paid the premiums."

The very question to be decided at this time is whether the plaintiff has complied with all the requirements of the policy within the time given him by its terms. If he has he should recover, and if he has not, this court in deciding against him declares no forfeiture of his legal rights, but construes a written contract according to its plain provisions.

Policies of fire insurance have been before us many times for construction, and we have given effect to their provisions without regard to the fact that in the particular case it seemed to impose hardship and loss upon either the insurer or the insured. (*Blossom* v. *Lycoming Fire Ins. Co.*, 64 N. Y. 162; *Quinlan* v. *Providence Washington Ins. Co.*, 133 N. Y. 356, 364, 365; *McAllaster* v. *Niagara Fire Ins. Co.*, 156 N. Y. 80.)

The use of the standard policy in this state was made compulsory in order to protect both parties to the contract of insurance from unnecessary and wasting litigations over questions having their origin in the varying forms of policies issued by the different companies.

It is important alike to the insurer and insured that the standard policy should be fairly construed in order that an instrument, which came from the hands of its creators pre-

senting many questions for construction, be rendered clear and easily understood.

In the case at bar the insured had nearly three weeks in which to correct his proofs after they were returned by the defendants, and it is due solely to his own negligence that they did not reach the company in time.

It is far more important that there should be a clear and settled rule as to the manner of rendering proofs of loss than that plaintiff should recover in this particular case.

The duty of the court in the premises is in no way affected by the fact that the defendants have seen fit to avail themselves of a technical defense.

The judgment appealed from should be reversed and judgment of Trial Term affirmed, with costs.

PARKER, Ch. J., GRAY and WERNER, JJ., concur; O'BRIEN, MARTIN and VANN, JJ., dissent.

Ordered accordingly.