(36 Misc. Rep. 212.)

## LAKE GENEVA ICE CO. v. SELVAGE.

(Supreme Court, Appellate Term. October, 1901.)

1. INSURANCE—PROOFS OF LOSS.

Where a fire insurance policy requires statement of loss to be filed within 60 days after the fire, the mailing of it outside the state so that it reaches the insurer on the sixty-second day after the fire is not a compliance with the conditions.

73 N.Y.S.—13

**2. SAME—NOTICE OF LOSS.**
Where the insured is required, under the policy, to give immediate notice of any loss in writing, a notice some 60 days after the fire is an insufficient compliance with the condition of the policy.

Appeal from municipal court, borough of Manhattan.

Action by the Lake Geneva Ice Company against Walter Selvage. Judgment for plaintiff, and defendant appeals. Reversed.

See 59 N. Y. Supp. 544.

Argued before FREEDMAN, P. J., and McADAM and GIL-DERSLEEVE, JJ.

W. B. Ellison, for appellant.
W. C. Beecher, for respondent.

GILDERSLEEVE, J. The action is on a policy of fire insurance, and the case was submitted on an agreed statement of facts. The justice gave judgment for the plaintiff, and the defendant appeals therefrom. The policy of insurance required that no action should be brought thereon unless commenced within 12 months next after the fire. The fire occurred on June 23, 1897, and the summons was not served until August 31, 1898,—more than 14 months thereafter. The marshal was not notified to take out a summons until August 21, 1898. Again, the policy provided that, "if fire occur, the insured, within sixty days after the fire, unless such time is extended in writing by the company, shall render a statement to the company," etc. In the case at bar no extension was given, and on August 21, 1897, the plaintiff mailed by registered letter to the defendant the required statement. The mailing was done in Chicago, and the letter sent to the defendant in New York. It reached the defendant, in the ordinary course of distribution of registered letters, on the sixty-second day after the fire. This was an insufficient compliance with the requirements of the policy. Peabody v. Satterlee, 166 N. Y. 174, 50 N. E. 818, 52 L. R. A. 956; Quinlan v. Insurance Co., 133 N. Y. 356, 31 N. E. 31, 28 Am. St. Rep. 645. In the former case the court says:

"The depositing of the proofs of loss in the mail at Buffalo on the sixtieth day after the fire occurred cannot be held to be a compliance with the provisions of the policy. The question to be decided is whether the plaintiff has complied with all the requirements of the policy within the time given him by its terms. If he has, he should recover, and, if he has not, this court, in deciding against him, declares no forfeiture of his legal rights, but construes a written contract according to its plain provisions. Policies of fire insurance have been before us many times for construction, and we have given effect to their provisions without regard to the fact that in the particular case it seemed to impose hardship and loss upon either the insurer or the insured. The duty of the court in the premises is in no way affected by the fact that the defendants have seen fit to avail themselves of a technical defense."

The defendant in the case at bar appears to have immediately notified the plaintiff that the proofs of loss were not on time, and that they were subject to plaintiff's orders. There was no waiver of plaintiff's irregularity of procedure on the part of the defendant. Furthermore, the policy required that plaintiff should give "imme-

diate notice of any loss in writing," etc.  The fire took place, as we have seen, on June 23, 1897, and the only notice of loss was sent, so far as the agreed statement shows, on August 21, 1897, which can hardly be held a strict compliance with the terms of the policy. It would appear, therefore, that abundant ground for dismissing the complaint existed.  The plaintiff claims, however, that the only ground specified on the motion to dismiss at the trial was the lack of jurisdiction.  This motion was made at the first trial of the action, and granted by the justice, but his decision dismissing the complaint was reversed, and a new trial granted.  Upon the new trial the case was resubmitted upon the agreed facts, the former motion to dismiss being no longer applicable.  The justice, on the agreed facts, found for the plaintiff, when, as a matter of law, the defendant was entitled to judgment thereon.  For this error the judgment must be reversed, with costs, and, as the admitted facts are unalterable, without the award of a new trial.

Judgment reversed, with costs.  All concur.