Foster, J.
This is an appeal from a judgment in favor of the plaintiff for $241.23, entered upon a decision at Special Term, Supreme Court, Ulster County. The action was for the recovery of the sums allegedly due on account of deliveries of milk by the plaintiff to the defendant pursuant to a marketing agreement between the parties. The defendant set up the defense that the plaintiff had breached this agreement by failure to deliver milk as provided therein. The plaintiff to the contrary claimed that he had terminated the marketing agreement by service of a notice, as provided for in the agreement. There is no dispute as to the facts, the issue being one of lav as to whether the alleged notice of termination of the marketing agreement was properly given.
The agreement provided as follows: “ It is further mutually agreed that this contract shall run continuously unless cancelled by notice of either party to the other between the 12th and the 28th day of February, both inclusive, of any year, which notice shall be in writing and become effective on the 1st day of April then next ensuing, subject to any right or lien Avhich the Association has against the Producer or his property until his indebtedness to the Association is fully paid, and subject to the rules and regulations prescribed by the by-laws of the Association ”.
A written notice of cancellation by the plaintiff was deposited in the postoffice at Bullville, N. Y., at 4:30 p.m. on February 28, 1944, and addressed to the Dairymen’s League at its office at 11 West 42d Street, New York City, New York. This notice ivas not received at the office of the Dairymen’s League in New York until 11:35 a.m. on the 1st day of March. It is the contention of the appellant that such notice was insufficient to terminate the contract betAveen the parties. In accordance Avith this position appellant refused to pay for the milk actually received and delivered by the plaintiff up until April 1, 1944, the value of which amounted to $114.27.
The question at issue is this: Did the agreement require, as a matter of law, that notice of termination be received by appellant between the 12th and 28th days of February, both inclusive; or was it permissible for plaintiff to mail such notice between the dates mentioned? It is the rule at common law that where a contract requires notice, but does not specify the manner in which the notice is to be given, the mere mailing of a notice is not sufficient unless it is received within the time specified (Peabody v. Saterlee, 166 N. Y. 174). This rule is based on the theory that if, under such circumstances, the party serving the *472 notice uses the mail for this purpose he makes the mail his agency the same as if he employed a messenger. However this theory fails if both parties intend that the mail may be so used.
We think the case at bar does' not. fall within the rule bécause of the apparent implied intent of the parties; Although the plaintiff- is named- as a producer this is merely another way of saying that he is a farmer. The appellant is a marketing agency, which deals with thousands of farmers throughout the State of New York, and the agreement in question is of the same kind and character that the appellant has made.with other farmers,. It seems to us to be an assault against common sense to find that it was the intent of the parties when the agreement was made that the plaintiff should be required to furnish personal notice to the appellant of his desire to terminate the contract. That is to say, it does not seem reasonable that the appellant, in dealing with thousands of farmers throughout the State of New York, ever understood that each farmer, if he desired to terminate his contract, should be required to run to New York, or send an agent, for the purpose of serving the notice. The only alternative was service by mail. So far as the record is concerned the only office of appellant upon which such notice could be served was in the city of New York. We think, therefore, that it was clearly implied between the parties that notice by mail would be acceptable, and if such was' the fact then it follows that such notice ivas perfected when placed in the mails (Reed v. St. John, 2 Daly 213).
The judgment should be affirmed, with costs.
Hill, P. J., Heeeernan, Brewster and Bussell, JJ.,. concur.
Judgment affirmed, with costs. [See post, p. 979.]