OPINION OF THE COURT
 

 Meyer, J.
 

 The common thread in these four appeals is the effect of sections 168 and 172 of the Insurance Law on the rights of an insured who fails to file proof of loss with the insurer within 60 days after the insurer’s demand in writing. In
 
 Igbara
 
 the question is involved only peripherally; in the other three cases construction of the sections is determinative of the result.
 

 When an insurer gives its insured written notice of its desire that proof of loss under a policy of fire insurance be furnished and provides a suitable form for such proof, failure of the insured to file proof of loss within 60 days after receipt of such notice, or within any longer period
 
 *210
 
 specified in the notice, is an absolute defense to an action on the policy, absent waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense. In
 
 Bonus Warehouse v Great Atlantic Ins. Co.,
 
 the order of the Appellate Division should, therefore, be reversed and the certified question answered in the negative, and in
 
 Syd’s Decorators v New York Prop. Ins. Underwriting Assn.
 
 and
 
 Trexler v American Home Assur. Co.,
 
 the respective ordérs of the Appellate Division should be affirmed, in each case with costs.
 

 When such a demand has been made, however, and the insured’s time to file proof of loss has not expired at the time the insurer’s answer in an action on the policy is due, the requirement is not waived by the insurer’s service of an answer asserting defenses other than the failure to file proof of loss. In
 
 Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,
 
 the insurer having moved for leave to serve an amended answer asserting defenses of failure to file proof of loss after demand and lack of capacity of the corporate plaintiff insured by reason of its dissolution for nonpayment of taxes prior to issuance of the policy, and for summary judgment on the proof of loss defense, it was, therefore, error for the Appellate Division to deny on the law so much of the motion as sought leave to assert the failure of proof defense. It was not, however, error for that court to reverse so much of the order of Special Term as granted the insurer summary judgment dismissing the complaint for lack of capacity. The order of the Appellate Division in
 
 Igbara
 
 should, therefore, be modified as hereafter set forth and, as so modified, should be affirmed, with costs, and the certified question answered in the negative.
 

 I
 

 Igbara
 
 involves a corporation dissolved for nonpayment of taxes on March 27, 1979, which purchased from defendant Underwriting Association a fire insurance policy effective February 23, 1980. On May 31, 1981, the property insured by Igbara was totally destroyed by fire. Action was begun on the policy by service of summons on December 28, 1981, and the complaint was served on January 25, 1982. A demand for the filing of proof of loss, with which blank forms were enclosed, was made by defendant by
 
 *211
 
 letter dated January 18, 1982. It was stipulated that the demand was received by Igbara within a few days thereafter. On February 12, 1982, the Underwriting Association served its answer, which consisted of denials only, but on March 4, 1982, it served an amended answer alleging affirmative defenses of increased hazard, willful exaggeration, arson and false swearing, among other defenses.
 

 Thereafter the Association moved (1) for leave to amend its answer to assert as additional defenses (a) the failure of plaintiff to file with defendant proof of loss though more than 60 days had elapsed since receipt by plaintiff of its demand, and (b) plaintiff’s lack of capacity to sue, and (2) for summary judgment,
 
 [1]
 
 on the ground of plaintiff’s failure to file proof of loss. Although summary judgment had not been requested with respect to the defense of lack of capacity, Special Term, without considering the motion to amend or the failure to file proof of loss, dismissed the complaint for lack of capacity, as a matter of law. The Appellate Division, First Department, concluded that it did not necessarily follow that a dissolved corporation may not obtain fire insurance and sue on the policy, but held that the affirmative defenses asserted in the amended answer interposed before the time to file proof of loss had expired was a repudiation by defendant of liability on the policy which excused plaintiff from complying with the demand. It, therefore, reversed on the law the order dismissing the complaint, denied the motion to dismiss, denied leave to assert the defense of failure to file proof of loss, but granted, without passing on the merits of the defense, leave to defendant to serve an amended answer asserting lack of capacity as a defense. The appeal is before us by leave of the Appellate Division, which certified the question whether its order was properly made.
 

 In
 
 Bonus Warehouse,
 
 plaintiff suffered a fire loss on April 6,1981 which destroyed its entire stock. At that time plaintiff was insured under fire policies of $50,000 with Great Atlantic Insurance Company and $100,000 with North River Insurance Company. Written demands for
 
 *212
 
 proof of loss were made by each carrier by letter, enclosing the necessary forms, which plaintiff concedes were received within a few days after their respective dates (Aug. 31, 1981 from Atlantic and Aug. 27, 1981 from North River). Proofs of loss were not received by the defendant insurers until January 16, 1982 and were rejected as untimely by each company on January 20,1982. On March 8, 1982, Bonus began separate actions against the two insurers. Each served an answer asserting affirmative defenses, including the failure of plaintiff to file proof of loss within 60 days after demand, and moved for summary judgment on the basis of that defense. Opposing the motions, plaintiff noted that it had met with defendants’ adjusters within two or three days after the fire, had supplied defendants with requested data and records and had agreed to submit to examination under oath, and had been misled by the demand which was but two sentences contained in a two-page letter and nowhere informed it that proof of loss had to be submitted within 60 days.
 

 Special Term denied both motions and on appeal the Appellate Division, Second Department, affirmed, holding that under section 172 of the Insurance Law, failure to submit timely proofs of loss is not an absolute defense and may be excused if the failure was not willful and the delay was under all of the circumstances but a technical and unimportant omission. The appeal to us is by leave of the Appellate Division, which certified the question whether its order was properly made.
 

 In the
 
 Syd’s Decorators
 
 case, the fire occurred on October 22, 1980, the insurer’s demand that proof of loss be filed and that plaintiff appear for examination under oath was received by plaintiff insured on August 10,1981, plaintiff’s president was examined under oath on October 6,1981, but no proof of loss was served prior to the commencement of action in September, 1982. Defendant’s answer asserted, among others, an affirmative defense based on the failure to file proof of loss and defendant moved for summary judgment on that ground. Noting that the demand had not been renewed after the oral examination, plaintiff asserted that it had believed attendance at the examination to be full compliance with the demand.
 

 
 *213
 
 Special Term denied the motion and granted plaintiff leave to serve sworn proof of loss forms within 30 days after publication of its decision. The Appellate Division, First Department, reversed, concluding that defendant’s letter' was not misleading, that submission to examination was neither a substitute for nor excused lack of compliance with the proof of loss requirement, and that because plaintiff had never filed such a proof it could not be deemed in substantial compliance. Plaintiff appealed to this court as of right (CPLR 5601, subd [a], par [ii]).
 
 [2]
 

 Plaintiffs in the
 
 Trexler
 
 case sustained two separate fire losses on March 24, 1980 and April 1, 1980. Written demands for proofs of loss were received by plaintiffs on June 18 and June 30, 1980, and examination under oath was conducted on July 1, 1980. The case differs from the others in that the demand contained the statement that, “Proofs of Loss and schedules must be filed within sixty (60) days after receipt of this notice”, and that the examination ended with the carrier’s attorney’s statement that as he understood it plaintiffs were going to comply with the demand and that he, therefore, would continue the examination at a later time. Proofs of loss dated December 23, 1980 were served on January 13, 1981 and rejected as untimely on January 28, 1981. Defendant’s answer to the complaint asserted affirmative defenses, including the failure timely to file proof of loss. On motion of plaintiffs for summary judgment and cross motion by defendant for the same relief, Special Term denied both motions, concluding that plaintiffs had sufficiently complied by the filing of proof, though tardily.
 

 Only defendant appealed to the Appellate Division, Third Department. That court modified, two Justices dissenting, by reversing so much of Special Term’s order as denied defendant’s cross motion for summary judgment, granted the cross motion and dismissed the complaint. Plaintiffs appeal to us from that reversal (CPLR 5601, subd [a], par [ii]).
 

 Presented for our determination by these four appeals are questions whether (1) failure to file proof of loss within
 
 *214
 
 60 days after a section 172 demand is an absolute defense, (2) the defense is waived by the filing of an answer alleging other defenses prior to the expiration of the time for filing proof of loss and (3) the complaint in
 
 Igbara
 
 could properly be dismissed for lack of capacity to sue on motion papers which although not asking dismissal on that ground did ask for summary judgment dismissing the complaint for failure to file proof of loss. For the reasons hereafter stated we answer question (1) in the affirmative and questions (2) and (3) in the negative.
 

 II
 

 The standard fire insurance policy provides that “within sixty days after the loss, unless such time is extended in writing by [the] Company, the insured shall render to [the] Company, a proof of loss, signed and sworn to by the insured” setting forth specified information (Insurance Law, § 168, subd 5, lines 97-100). Similar provisions in company-prepared contracts prior to adoption in 1886 of the standard policy, as well as the standard policy provision itself, were construed, prior to adoption in 1939 of section 172 of the Insurance Law, to establish a condition precedent, compliance with which had to be alleged and proved by the insured and the failure to comply with which constituted an absolute defense to an action on the policy
 
 (Gallin v Allemannia Fire Ins. Co.,
 
 230 NY 547, affg 184 App Div 876, 880;
 
 Peabody v Satterlee,
 
 166 NY 174;
 
 Hicks v British Amer. Assur. Co.,
 
 162 NY 284;
 
 Quinlan v Providence Washington Ins. Co.,
 
 133 NY 356; see
 
 Nelson v Traders’ Ins. Co.,
 
 181 NY 472;
 
 Inman v Western Fire Ins. Co.,
 
 12 Wend 452).
 

 The stringency with which the proof of loss provision of the standard policy was applied is illustrated by the
 
 Hicks
 
 and
 
 Peabody
 
 cases. In
 
 Hicks,
 
 Chief Judge Parker stated (162 NY, at p 292) with respect to that provision: “It is unnecessary to present the reasons which induced the legislature to require these conditions precedent to a recovery upon a policy of insurance; it is sufficient for our purpose that the legislature declared that it should be so, and we should see to it that the general trend of our decisions is toward the enforcement of the legislative command instead of its nullification.” In
 
 Peabody,
 
 the court
 
 *215
 
 wrote that: “The use of the standard policy in this state was made compulsory in order to protect both parties to the contract of insurance from unnecessary and wasting litigation over questions having their origin in the varying forms of policies issued by the different companies” (166 NY, at p 179) and that, “It is far more important that there should be a clear and settled rule as to the manner of rendering proofs of loss than that plaintiff should recover in this particular case”
 
 {id.,
 
 at p 180).
 
 [3]
 
 Applying that philosophy, the
 
 Peabody
 
 court reinstated a Trial Term judgment dismissing the complaint of an insured who within 32 days after a fire had submitted to the insurer proofs of loss verified by an attorney in fact, and who, the proofs having been rejected and returned by the insurer, on the sixtieth day after the fire mailed new proofs, sworn to by the insured, which were not, however, received by the insurer until the sixty-first day after the fire.
 

 The Insurance Law was, however, recodified in 1939 (L 1939, ch 882) and as a part of that recodification section 172 was added. The issue presented by these cases is the extent to which that section modified the prior stringent rule. The pertinent language, contained in the first two sentences of subdivision 1 of that section, provides that: “The failure of any person insured against loss or damage to property under any contract of insurance, hereafter issued or delivered in this state or covering property located in this state, to furnish proofs of loss to the insurer or insurers as specified in such contract shall not be deemed to invalidate or diminish any claim of such person under such contract, unless such insurer or insurers shall, after such loss or damage, give to such person insured a written notice that it or they desire proofs of loss to be furnished by such person to such insurer or insurers and also a suitable blank form or forms for such proofs of loss. If the person insured shall furnish proofs of loss within sixty days after the receipt of such notice and such form or forms, or within
 
 *216
 
 any longer period of time specified in such notice, such person shall be deemed to have complied with the provisions of such contract of insurance relating to the time within which proofs of loss are required.” Although it has been said that that provision was enacted to protect “the insured from the consequences of his oversight or neglect in complying with one of the conditions precedent to a recovery under the policy”
 
 (Margulies v Quaker City Fire & Mar. Ins. Co.,
 
 276 App Div 695, 698), and there is some testimony in the hearings by the Joint Legislative Committee for the Recodification of the Insurance Law held August 5,1938 and December 21,1938 that would support that statement, its language goes no further than to require that the insurer bring to the attention of the insured, by making written demand for proofs and providing blank forms, the necessity for filing such proofs. But, if such a demand is made, the insured will be deemed in compliance with the policy’s requirement only if he or she “shall furnish proofs of loss within sixty days after receipt of such
 
 notice
 
 and such form or forms, or within any longer period of time specified in such notice”. Nothing in the subdivision mandates that the notice state that proofs must be submitted within 60 days after it is received by the insured.
 
 [4]
 
 It may well be, as Justice Leonard H. Sandler suggested in his concurring opinion in
 
 Syd’s Decorators,
 
 that there is “need for an amendment of subdivision 1 of section 172 to achieve more fully its remedial purpose” (97 AD2d, at p 724), but that is a function of the Legislature rather than the courts, the rule under discussion having resulted from its enactment of sections 168 and 172 of the Insurance Law.
 
 [5]
 

 
 *217
 
 It follows that not only in the
 
 Trexler
 
 case, in which the insurer expressly set forth in its notice the time available for. compliance, but also in
 
 Bonus Warehouse
 
 and in
 
 Syd’s Decorators,
 
 the action must be dismissed because of the insured’s failure to comply with the proof of loss requirement of the policy.
 

 Ill
 

 The conclusion of the Appellate Division, First Department, in
 
 Igbara
 
 that the insurer should be denied leave to amend to assert the defense of failure to file proofs of loss was predicated upon the fact that by interposing its amended answer of March 4, 1982 alleging various affirmative defenses, the insurers had repudiated liability under the policy and thereby waived the filing of proofs of loss. In so holding it cited
 
 Beckley v Otsego County Farmers Coop. Fire Ins. Co.
 
 (3 AD2d 190,194, mot for lv to app dsmd 2 NY2d 990) and distinguished
 
 Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.
 
 (53 NY2d 835) on the ground that in the latter case the amended answer was not served until five months after the time to file proofs had expired, whereas in
 
 Beckley
 
 and in
 
 Igbara
 
 the answer was interposed before the time to file such proofs had expired.
 

 We disagree. Critical to the determination of waiver is whether the act said to constitute a repudiation of liability on the policy is inconsistent with assertion of the defense. The act of repudiation may result in numerous ways; among others, from the sending of a letter denying all liability and refusing to pay the loss
 
 (Sherri v National Sur. Co.,
 
 243 NY 266, 273), from causing the insured’s arrest on a charge of arson
 
 (Beckley v Otsego County Farmers Coop. Fire Ins. Co., supra),
 
 or from the assertion, in an answer or otherwise, after expiration of the time to file proofs of loss, of various defenses to action on the policy, without asserting the failure timely to file as one of the bases for denial of liability.
 

 Inconsistency, thus, will turn in some cases on when the section 172 demand was made, and in others on whether after service of such notice, the time for filing proofs of loss has expired. As was held in
 
 Beckley,
 
 an insurer may not
 
 *218
 
 after causing the insured’s arrest on a charge of arson “thereafter attempt to create other grounds for refusal to pay by demanding compliance by the insured with other incidental provisions of the policy
 
 with which it had not demanded compliance prior to its repudiation of liability”
 
 (3 AD2d, at p 194 [italics supplied]). But an insured, served with a section 172 notice prior to commencement of an action on the policy, cannot by beginning his action so as to require the insurer to answer prior to expiration of the time for filing proofs, cut off the insurer’s right to assert the defense
 
 (Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,
 
 53 NY2d, at p 836;
 
 Blossom v Lycoming Fire Ins. Co.,
 
 64 NY 162, 166;
 
 Do-Re Knit v National Union Fire Ins. Co.,
 
 491 F Supp 1334, 1337). An insurer who answers after expiration of the insured’s time to respond to such a notice and fails to deny “specifically and with particularity” the insured’s failure to perform the condition precedent of filing proof of loss may, however, be held to have waived the defense (CPLR 3015, subd [a]; 3018, subd [b]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C3018:14, C3018:15).
 

 The Appellate Division having as a matter of law denied leave to assert the defense, the matter must be remitted to that court for consideration of that portion of the motion in the exercise of its discretion.
 

 IV
 

 The issues presented to Special Term by defendant’s motion in
 
 Igbara
 
 were whether leave should be granted to serve an amended answer alleging defenses of failure to file proof of loss and of lack of capacity and whether defendant was entitled to summary judgment based upon plaintiff’s failure to file proofs of loss. No request for summary judgment as to lack of capacity was contained in the notice of motion or any of the accompanying papers nor was the issue otherwise addressed by the parties. Plaintiffs therefore had no reason to present opposition to the granting of summary judgment on the ground of incapacity.
 

 Under such circumstances it was error to grant summary judgment dismissing the complaint because it was not clear that the opponent of the motion had in fact put
 
 *219
 
 before the court all of its factual and legal contentions and that, therefore, no prejudice to the opponent could result from so doing (see
 
 Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educational Servs.,
 
 63 NY2d 100, 102;
 
 Rich v Lefkovits,
 
 56 NY2d 276, 283).
 

 The Appellate Division properly reversed Special Term’s grant of summary judgment of dismissal. In affirming its order in this respect we note, as did that court, that we do not reach the question of the effect of subdivision 10 of section 203-a of the Tax Law or sections 1006 and 1009 of the Business Corporation Law upon the right of plaintiff Igbara Corporation to maintain the action.
 

 For the foregoing reasons, the disposition of these appeals is as follows:
 

 In
 
 Igbara,
 
 the order of the Appellate Division should be modified, with costs to defendant, by reversing so much thereof as denied defendant’s motion for leave to serve an amended answer as to the defense of failure to render sworn proofs of loss and the case should be remitted to the Appellate Division, First Department, for its determination of that portion of the motion in the exercise of discretion and, as so modified, affirmed. The certified question should be answered in the negative.
 

 In
 
 Bonus Warehouse,
 
 the order of the Appellate Division should be reversed, with costs, defendants’ motions for summary judgment granted and the certified question answered in the negative.
 

 In each of
 
 Syd’s Decorators
 
 and
 
 Trexler,
 
 the order of the respective Appellate Divisions should be affirmed, with costs.
 

 Chief Judge Cooke and Judges Jasen, Jones, and Kaye concur; Judges Wachtler and Simons taking no part.
 

 In
 
 Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.:
 
 Order modified, with costs to defendant, and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein and, as so modified, affirmed. Question certified answered in the negative.
 

 In
 
 Bonus Warehouse v Great Atlantic Ins. Co.:
 
 Order reversed, with costs, defendants’ motions for summary
 
 *220
 
 judgment granted and question certified answered in the negative.
 

 In
 
 Syd’s Decorators v New York Prop. Ins. Underwriting Assn.:
 
 Order affirmed, with costs.
 

 In
 
 Trexler v American Home Assur. Co.:
 
 Order affirmed, with costs.
 

 [1]
 

 . The notice of motion refers to CPLR 3211, but the affidavits in support make clear that what defendant was seeking was an “order pursuant to Rule 3212 of the Civil Practice Law and Rules dismissing the complaint * * * for plaintiff’s failure to render sworn proofs of loss, although duly demanded.”
 

 [2]
 

 . A similar ruling has been made by the Appellate Division, Fourth Department
 
 ([Miller v Nationwide Mut. Fire Ins. Co.,
 
 92 AD2d 723 [holding failure to file proof of loss to be an absolute defense]).
 

 [3]
 

 . See, also,
 
 Nelson v Traders’ Ins. Co.
 
 (181 NY 472, 475) where, referring to the standard policy, the court stated: “Insurers issuing policies were compelled to use one form of contract; whose meaning should not be obscured by unusual clauses, nor concealed in a mass of verbiage, and whose provisions, being plain, could result in no injustice in their enforcement. When such is the contract, the courts should not refuse to enforce the forfeitures, or limitations, which the parties are deemed to have agreed upon.”
 

 [4]
 

 . Contrast the New Jersey fire insurance statute (now New Jersey Insurance Law, § 17:36-6), which provides that failure to file proofs of loss does not bar recovery by the insured “unless after the loss sixty days’ notice, in writing, that the company desires the proofs of loss is furnished the insured.” The comment to the tentative draft of the Insurance Law, prepared by an Insurance Department committee headed by Professor Edwin W. Patterson and which formed the basis for the 1939 recodification, states that the provision which became section 172 “is based upon New Jersey Insurance Laws, 1935, §112 (N.J. Laws 1911, chapter 340)” which included the language quoted above.
 

 [5]
 

 . Of some significance, though not controlling with respect to the intent of the 1939 Legislature in adopting section 172 (McKinney’s Cons Laws of NY, Book 1, Statutes, § 75, subd a), is the fact that the Insurance Law recodification enacted by chapter 367 of the Laws of 1984 (eff Sept. 1,1984) reenacted the standard policy form (§ 3404, subd [e]) with no change in lines 97-100 and reenacted section 172 as section 3407 with only three insignificant changes in wording.