■ GAYLE GRENADIER RICHMAN, Respondent, v HARLEYSVILLE WORCESTER INSURANCE COMPANY et al., Appellants, et al., Defendant. [927 NYS2d 27]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered December 1, 2009, which denied the motions of defendants Harleysville Worcester and Alexander Wall for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

In this action for insurance coverage and damages resulting from a raccoon infestation and alleged faulty remediation, plaintiff's submissions raised triable issues of fact.

While failure to submit a signed proof of loss within 60 days after the insurer's request, as called for in the policy, can be an absolute defense to an action on the policy, this is true only in the absence of a waiver or conduct by the insurer that results in an estoppel against the assertion of that defense (*see Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 63 NY2d 201 [1984]). Here, questions exist as to whether Harleysville's actions in—among other things—issuing a check that it deemed "in satisfaction" of the damages to the house without requesting a sworn proof of loss, constituted a waiver of its right to a sworn statement in proof of loss, inasmuch as it is only when Richman rejected the proffered amount did Harleysville seek a sworn proof of loss, fully aware that it was impossible to ascertain the full extent of the damage until remediation was completed.

Questions of fact also exist as to whether Alexander Wall was an agent of Harleysville, whether the remediation work was properly performed, and whether Alexander Wall's actions in connection with the removal and storage of plaintiff's personal property and the interference with her right of possession supports the conversion claim.

Conversion is the intentional and unauthorized exercise of control over personal property owned by another that interferes with the owner's right of possession (*Colavito v New York Organ Donor Network, Inc.,* 8 NY3d 43 [2006]). Here, Richman asserts that she did not know that the contents of her home would be removed until Alexander Wall actually began to remove them, and that she never authorized Alexander Wall to do so. Significantly, Alexander Wall does not deny that it refused Richman access to her belongings. Clearly there is an issue as to whether Alexander Wall interfered with Richman's possessory rights. *Cohen v Allied Van Lines* (2002 NY Slip Op 50038[U] [2002]) which Alexander Wall cites for the proposition that it cannot be liable for conversion since Richman was aware of the location of her belongings, is clearly distinguishable. In *Cohen,* there was a contract which allowed for the temporary storage of furniture, too large to be moved on the subject building's elevator, pending the plaintiff's approval and consent to hoisting at an additional cost. Here, there was no such contract between Richman and Alexander Wall.

Furthermore, Alexander Wall's purported offer to make Richman's possessions available for inspection was conditioned on her advanced payment of alleged storage and labor fees associated with the inspection. Even then, Alexander Wall would not allow the return of Richman's possessions. Concur—Tom, J.P., McGuire, Acosta, Renwick and Freedman, JJ. **[Prior Case History: 2009 NY Slip Op 32795(U).]**