24-813-cv
*Pager v. Greater N. Ins. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

       At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty-five.

PRESENT:
          RICHARD C. WESLEY,
          JOSEPH F. BIANCO,
          WILLIAM J. NARDINI,
             *Circuit Judges*.

_____

WILLIAM PAGER, JENNA PAGER,

         *Plaintiffs-Appellants*,

        v.                              24-813-cv

GREATER NORTHERN INSURANCE
COMPANY,

         *Defendant-Appellee*,

CHUBB GROUP OF INSURANCE COMPANIES,

         *Defendant*.\*

_____

FOR PLAINTIFFS-APPELLANTS:         WILLIAM PAGER, Law Offices of William Pager,
                                     Brooklyn, New York.

---

\* The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this order.

FOR DEFENDANT-APPELLEE: PAUL C. FERLAND (Vincent Passarelli, *on the brief*), Cozen O'Connor, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on February 26, 2024, is **AFFIRMED**.

Plaintiffs-Appellants William Pager and Jenna Pager (a/k/a Evgenya Aronsky) appeal from the district court's entry of summary judgment in favor of Defendant-Appellee Greater Northern Insurance Company ("GNIC").[1] *See generally Pager v. Chubb Grp. of Ins. Cos.*, 718 F. Supp. 3d 243 (E.D.N.Y. 2024). Appellants initiated this action against GNIC, their insurance policy underwriter, based on GNIC's alleged refusal to pay Appellants' insurance claim. Appellants argue the district court erred in granting summary judgment in favor of GNIC because there is a material dispute as to whether Appellants fulfilled their obligations under the insurance policy, thereby requiring GNIC to pay Appellants' claim. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Between April 22, 2021, and April 22, 2022, Appellants maintained an insurance policy with GNIC, which covered, among other things, a residential waterfront property in Brooklyn, New York. On April 29, 2021, one week after the policy period began, Appellants purportedly discovered that the floating dock and gangway abutting the bay behind their home had disappeared.

---

[1] Appellants also brought this action against Chubb Group of Insurance Companies (the "Chubb Group"). However, the Chubb Group never entered an appearance before the district court, and the district court determined that the Chubb Group was not a legal entity, but rather "a phrase that describes separately incorporated insurance companies under common ownership, of which GNIC is one." *Pager v. Chubb Grp. of Ins. Cos.*, 718 F. Supp. 3d 243, 245 n.2 (E.D.N.Y. 2024). We construe the district court's determination as a dismissal of Chubb Group from the case.

Appellants maintained approximately fifteen surveillance cameras at their home, but none were operational at the time of the incident, having been shut off several days earlier for upgrades. Appellants did not alert the police of the missing dock and gangway, but alerted GNIC on May 5, 2021. Shortly thereafter, Appellants received a reservation of rights letter from GNIC stating that an investigation had been initiated to determine whether Appellants' claim was covered by their insurance policy. GNIC retained attorney Kenneth R. Feit to assist with certain aspects of the investigation.

According to Feit, he mailed a letter to Appellants on June 24, 2021, which requested that Appellants submit a "proof of loss" statement within 60 days, appear for an examination under oath ("EUO"), and provide several categories of documents within approximately 30 days. As to the proof of loss requirement, the letter stated:

> Pursuant to the terms and conditions of the referenced policy of insurance and New York Insurance Law §[ ]3407(a), we hereby demand on behalf of Great Northern Insurance Company that you submit a sworn statement in proof of loss for your claim within sixty days from the date of your first receipt of the original or a copy of this letter. Two blank sworn statement in proof of loss forms are enclosed. Your properly completed and executed sworn statement in proof of loss must be submitted within the required period of time to the undersigned at the offices of Tell, Cheser & Breitbart, 320 Old Country Road - Ste 202, Garden City, NY 11530.

Joint App'x at 150. As indicated above, the letter included a blank, two-page document titled "Sworn Statement in Proof of Loss," also known as the proof of loss forms. *Id.* at 155–56. The letter also called Appellants' attention to, and provided an excerpt of, the portion of their insurance policy that pertained to their duties after loss. The letter reads, in relevant part:

> **Your duties after a loss**
> If you have a loss this policy may cover, you must perform these duties:
> . . .
> **Proof of loss.** You must submit to us, within 60 days after we request, your signed, sworn proof of loss which documents, to the best of your knowledge and belief:
> - the time and cause of loss;
> - interest of the insured and all others in the property involved and all liens on the property;

3

- other insurance which may cover the loss;
- changes in title or occupancy of the property during the term of the policy;
- specifications of any damaged buildings and estimates for their repair;
- receipts for additional living expenses incurred and records supporting any fair rental value loss; and
- evidence or affidavit supporting a claim under the Credit Cards, Bank Cards, Fund Transfer Cards, Forgery and Counterfeit Money Coverage, stating the amount and cause of loss.

*Id.* at 153–54; *see id.* at 133 (duplicate statement within insurance policy).

In an affidavit, Feit averred that the letter and proof of loss forms were sent to Appellants' home address via certified mail, in keeping with Feit's normal business practices. The return receipt, which bears the signature of an "agent" identified as M.W. Rt 53 C-19, indicates that the letter and forms were delivered on June 30, 2021. Feit further stated that duplicates of the same letter and forms were simultaneously mailed to Appellants' home address via ordinary first-class mail, in keeping with his normal business practices. There is no evidence that either letter was returned to Feit as undeliverable. The record does not reflect any further communication from Feit to Appellants between the time he sent this correspondence and the time he received a response from Appellants.

Appellants responded to Feit on July 29, 2021. Specifically, William Pager, who is an attorney, sent Feit's law firm a letter on behalf of the Law Offices of William Pager, indicating that Mr. Pager would be representing himself and Mrs. Pager in the insurance matter and requesting that all future correspondence relating to the matter be sent to his law office. On September 7, 2021, while GNIC was still investigating to determine whether Appellants' claim would be paid out under their insurance policy, Appellants initiated this lawsuit in New York state court. Although their insurance claim had not yet been denied, Appellants alleged that they had "performed all of the conditions of the [policy] and the Defendant ha[d] failed and refused to pay

4

the Plaintiffs the money due and owing to the Plaintiffs pursuant to the [policy]." Suppl. App'x at 13–14. GNIC subsequently removed the matter to federal court.

Meanwhile, the investigation continued. GNIC conducted Mrs. Pager's first EUO on August 31, 2021, and her second EUO on January 10, 2022. During the EUOs, Feit presented her with the same letter and forms that he had mailed to Appellants' residence on June 24, 2021. Mrs. Pager admitted to receiving a letter at her residence from Feit regarding the EUO, Joint App'x at 210, and when Feit presented her with the June 24, 2021 letter, she stated that it "possibly" was what she received, *id.* at 213. When asked again whether she recalled receiving the June 24, 2021 letter, Mrs. Pager replied, "I recall receiving a letter regarding the EUO in duplicate," but she claimed to have never received the blank proof of loss forms that were affixed to the letters. *Id.* at 214. Feit then asked Mrs. Pager to provide proof of any letter she received at her residence which discussed the EUO but did not also require proof of loss, because GNIC was aware of none. Mrs. Pager did not provide such proof during her EUO.[2]

On March 1, 2022, GNIC conducted Mr. Pager's EUO and presented him with that same June 24, 2021 letter. He stated, "I don't know that I've seen this exact letter" and claimed to be unfamiliar with the blank proof of loss forms. *Id.* at 367–68. At both Appellants' EUOs, Feit explained to them that they needed to comply with all their remaining obligations under the policy and that a failure to do so could relieve GNIC of its obligations. However, even after the examinations, Appellants did not provide GNIC with any sworn proof of loss statement.

GNIC ultimately denied Appellants' claim on May 9, 2022. GNIC provided three independent grounds for the denial: (1) GNIC could not confirm that the loss was caused by an event covered by the policy; (2) Appellants failed to comply with their obligation to provide a

---

[2] Whether Mrs. Pager has otherwise responded to this request is unknown, but the Court is not aware of any such document in the record.

proof of loss statement, as required by the policy; and (3) Appellants failed to produce the documents GNIC requested, as the required by the policy.

After GNIC denied coverage, the district court initiated the discovery process. On October 11, 2022, the magistrate judge held a status conference to set an expedited discovery schedule and streamline the parties' discovery requests accordingly. Following the close of discovery, GNIC moved for summary judgment and supported its motion with a declaration from Paul C. Ferland that included several exhibits (the "Ferland declaration"). GNIC argued, *inter alia*, that "Plaintiffs' complaint should be dismissed because the undisputed evidence establishes that Plaintiffs repeatedly and completely failed to comply with the applicable insurance policy's proof of loss condition and failed to demonstrate that a covered loss occurred in the first instance." Joint App'x at 1129. Appellants opposed the motion, arguing: (1) the policy's proof of loss requirement is the same as its EUO requirement, which they satisfied; (2) defendants failed to demonstrate that the blank proof of loss forms were "actually mailed out, or that [the] form[s] had actually made it to the Pager home"; and (3) defendants failed to show that a covered loss had not occurred. *Id.* at 1153–62. The district court determined that "[t]he evidence establishe[d] that GNIC sent the forms to the plaintiffs by certified mail, that the forms were received, that GNIC repeatedly advised the plaintiffs of the [proof of loss] requirement, and that the plaintiffs never submitted the sworn proof of loss forms."[3] *Pager*, 718 F. Supp. 3d at 250. The district court therefore granted summary judgment in favor of GNIC on the breach of contract claim on the basis that Appellants' failure to comply with the proof of loss requirement provided an independent basis

---

[3] In reaching this conclusion, the district court relied, in part, on the contents of an affidavit from Feit (the "Feit affidavit"), which GNIC submitted with its reply in support of the motion. GNIC submitted this affidavit to respond to Appellants' argument, raised in their opposition to the motion, that a "detailed affidavit, from the movant['s] counsel, or a witness, confirming that the mailing had been made" was "required." Joint App'x at 1156.

for the denial of Appellants' insurance claim, regardless of whether the loss was covered by their policy. Following the entry of judgment, the Pagers timely appealed.[4]

We review a district court's grant of summary judgment *de novo*, construing the evidence and drawing all reasonable inferences in favor of the non-moving party. *Picard Tr. for SIPA Liquidation of Bernard L. Madoff Inv. Sec. LLC v. JABA Assocs. LP*, 49 F.4th 170, 182 (2d Cir. 2022). "Summary judgment is required if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023) (internal quotation marks and citation omitted); *see* Fed. R. Civ. P. 56. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).

To be sure, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying any evidence that may "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, once the moving party has satisfied its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead "must come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita*, 475 U.S. at 586–87 (internal quotation marks and citations omitted). Moreover, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that

---

[4] The district court also granted the motion as to Appellants' implied covenant of good faith and fair dealing claim and any claim under New York General Business Law § 349, finding the former duplicative of the breach of contract claim and the latter lacking in any record support. On appeal, Appellants do not challenge those conclusions. Therefore, we deem any challenge to the district court's adjudication of these claims waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

party's case, and on which that party will bear the burden of proof at trial," "there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322–23 (internal quotation marks omitted).

On appeal, the Pagers argue the district court erred in granting GNIC's motion for summary judgment because: (1) there is a material dispute as to whether GNIC "properly served" Appellants with the June 24, 2021 letter and proof of loss forms and (2) even assuming Appellants received the letter and forms, the magistrate judge relieved Appellants of their contractual duty to complete the forms by failing to require the production of the signed forms during discovery. We find Appellants' arguments unpersuasive.

As a preliminary matter, "[u]nder New York law," which the parties do not dispute applies here, "insurance policies are interpreted according to general rules of contract interpretation," *Olin Corp. v. OneBeacon Am. Ins. Co.*, 864 F.3d 130, 147 (2d Cir. 2017), and "contract[s] that [are] complete, clear and unambiguous on [their] face must be enforced according to the plain meaning of [their] terms," *Utica Mut. Ins. Co. v. Fireman's Fund Ins. Co.*, 957 F.3d 337, 344 (2d Cir. 2020) (internal quotation marks and citation omitted); *see Burlington Ins. Co. v. NYC Transit Auth.*, 29 N.Y.3d 313, 321 (2017). Here, the relevant provision of Appellants' insurance policy states, "You must submit to us, *within 60 days after we request*, your signed, sworn proof of loss which documents, to the best of your knowledge and belief [certain information related to the loss]." Joint App'x at 133 (emphasis added). "When an insurer gives its insured written notice of its desire [for] proof of loss under a policy . . . and provides a suitable form for such proof, failure of the insured to file proof of loss within [the required period] after receipt of such notice . . . , is an absolute defense to an action on the policy, absent waiver [or estoppel]." *Igbara Realty Corp. v.*

8

*N.Y. Prop. Ins. Underwriting Ass'n*, 63 N.Y.2d 201, 209–10 (1984). Here, GNIC's June 24, 2021 letter provided Appellants with written notice of its desire for proof of loss by demanding that Appellants "submit a sworn statement in proof of loss for [their] claim within sixty days from the date of [their] first receipt of the original or a copy of this letter," and GNIC provided a suitable form for such proof by including the blank proof of loss forms. Joint App'x at 150; *see id.* at 155–56.

Despite Appellants' arguments to the contrary, the record is devoid of any evidence that raises a genuine dispute as to whether GNIC gave this letter to Appellants. Under New York law, when a party provides proof of an office procedure followed in the regular course of business, under which the notice at issue would have been "properly addressed and mailed," then "a presumption arises that notice was received." *Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985). Here, GNIC properly established a presumption of receipt by providing an affidavit attesting that the Pagers were sent the letter and enclosed proof of loss forms pursuant to regular office procedure; in fact, GNIC provided true and correct copies of the letters and their envelopes, a true and correct copy of the return receipt evidencing delivery of the letter sent by certified mail, and an attestation that neither letter was returned as undeliverable.

Although Appellants challenge the district court's reliance on the Feit affidavit on the basis that it was submitted with the reply brief, their argument is unpersuasive "because reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Bayway Refin. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000) (internal quotation marks and citation omitted); *see id.* (finding no abuse of discretion where district court considered new evidence submitted with a reply brief). Appellants' opposition to GNIC's motion for summary judgment introduced the

9

argument that GNIC failed "to raise a presumption that [the] Pagers received the document[s]." Joint App'x at 1156. This constituted a new material issue, to which GNIC should have been given an opportunity to respond. Moreover, as in *Bayway*, "three other reasons support the district court's acceptance of [GNIC's] evidence," in addition to the timing of Appellants' argument: (1) Appellants were "not surprised by the affidavit[] in question," 215 F.3d at 227, because their opposition questioned the lack of a "detailed affidavit, from the movant[']s counsel, or a witness, confirming that the mailing had been made," Joint App'x at 1156; (2) Appellants "did not move the district court for leave to file a sur-reply to respond to [GNIC's] evidence," 215 F.3d at 227; and (3) Appellants "make[] no claim that [they] ha[ve] any contrary evidence to introduce even if [they] were given an opportunity to proffer it," *id*. Thus, the district court did not abuse its discretion in considering the Feit affidavit, which established a rebuttable presumption that the two copies of the letters and blank proof of loss forms, which were sent by certified mail and ordinary first-class mail, were received by Appellants.

"The mere denial of receipt does not rebut that presumption." *Meckel*, 758 F.2d at 817; *see Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 597 F.3d 84, 92 (2d Cir. 2010). Moreover, although Appellants now "vehemently den[y]" that they received the letters and attached proof of loss forms, Appellants' Br. at 25, Appellants did not make such statements during the discovery process in the district court. To the contrary, Mrs. Pager stated that she "recall[ed] receiving a letter regarding the EUO in duplicate," Joint App'x at 214, and that she received an EUO-related letter at her home that was "possibly" the June 24, 2021 letter, *id.* at 213. Despite a request from GNIC's counsel, Mrs. Pager failed to produce any EUO-related letter that did not also request proof of loss and include the proof of loss forms. As for Mr. Pager, when shown the June 24, 2021 letter, he merely stated that he did not know whether he had seen that "exact letter." *Id.* at 367–

68. Although the Pagers claimed to be unfamiliar with or to have not received the proof of loss forms, their statements did not amount to a categorical denial of receipt of the mailings, let alone provide "some proof that the regular office practice"—which was to include the proof of loss forms in the mailing—"was not followed or was carelessly executed so the presumption that notice was mailed becomes unreasonable." *Meckel*, 758 F.2d at 817. To the contrary, the exhibits depicting the letters as they were mailed to Appellants clearly demonstrate that the proof of loss forms were included.

Other record evidence further bolsters this presumption of receipt. Appellants do not point to any evidence which disputes that the June 24, 2021 letter constituted Feit's first correspondence with Appellants, and there is no evidence that Feit sent any further correspondence to Appellants before they responded to him on July 29, 2021. Appellants offer no alternative explanation as to how they would have known to contact Feit but for that June 24, 2021 letter. Thus, it is beyond genuine dispute that Appellants received written notice of GNIC's request for proof of loss and a suitable form to provide such proof.

Finally, we reject Appellants' argument that the magistrate judge relieved them of their contractual duty to submit a proof of loss statement by not requiring it as part of the discovery process. This argument was not raised before the district court, and we "generally will not consider an issue raised for the first time on appeal," especially where the argument at issue was "available to the parties below and they [have] proffer[ed] no reason for their failure to raise [it]." *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 140 (2d Cir. 2023) (internal quotation marks and citation omitted). In any event, we conclude that Appellants' argument is clearly meritless. The district court did not implicitly and retroactively relieve Appellants of their obligation to meet their

11

contractual conditions by not requiring the submission of the proof of loss statement during the discovery process.

In sum, we conclude that Appellants' failure to provide a proof of loss statement within sixty days of receiving notice constituted a violation of their insurance policy and relieved GNIC of any duty to pay Appellants' claim.

<center>*         *         *</center>

We have considered Appellants' remaining arguments and conclude that they are without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

<div style="margin-left:40%">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court
</div>